**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ALLIANCE OF ARTISTS AND RECORDING COMPANIES, INC.**, <br><br> Plaintiff, <br><br> v. <br><br> **GENERAL MOTORS COMPANY, et al.**, <br><br> Defendants. | Civil Action No. 14-cv-1271 (KBJ) |

<u>**AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**</u>
<u>**OF DEFENDANT DENSO INTERNATIONAL AMERICA, INC. IN RESPONSE TO**</u>
<u>**PLAINTIFF'S CLASS ACTION COMPLAINT**</u>

Defendant DENSO International America, Inc. ("DENSO"), by and through its undersigned attorneys, hereby responds to plaintiff Alliance of Artists and Recording Companies, Inc.'s ("AARC") Class Action Complaint with the following Answer, Affirmative Defenses, and Counterclaims:

<u>**GENERAL DENIAL**</u>

Unless specifically admitted below, DENSO denies each and every allegation in the Complaint.

<u>**RESPONSE TO SPECIFIC ALLEGATIONS**</u>

DENSO hereby answers the numbered paragraphs of the Complaint with the following correspondingly numbered responses:

<u>**NATURE OF THE CASE**</u>[1]

1. Paragraph 1 of the Complaint states AARC's characterization of the claims brought in the

---

[1] The headings in the Complaint are reproduced in this Answer for the convenience of the reader. DENSO does not admit any allegation contained in or implied by the headings.

Complaint, and therefore no response is required.  To the extent a response is deemed necessary, DENSO admits that the Complaint purports to seek, on a class basis, damages and an injunction against Defendants for alleged violations of the Audio Home Recording Act of 1992, 17 U.S.C. §§ 1001 et seq. ("AHRA"), incorporated within the Copyright Law of the United States, 17 U.S.C. §§ 101 et seq.  DENSO further admits that the AHRA regulates the manufacture, importation, and distribution of statutorily-defined digital audio recording devices ("DARDs").  DENSO denies that it has committed violations of the AHRA or that Plaintiff claims are proper or that Plaintiff is entitled to damages or injunctive relief.  DENSO lacks sufficient information to form a belief as to the truth of all other allegations in Paragraph 1 of the Complaint and, on that basis, denies them.

2.   DENSO denies the first sentence of Paragraph 2 as to DENSO, and lacks sufficient information to form a belief as to the remaining defendants and denies the remainder on that basis.  The remaining allegations of Paragraph 2 state conclusions of law to which no response is required.  To the extent a response is deemed necessary, DENSO denies all other allegations of this paragraph as they relate to DENSO and further denies that it has committed the acts alleged in the Complaint in violation of the AHRA.  DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants and, on that basis, denies the remaining allegations in Paragraph 2 of the Complaint.

3.   Paragraph 3 of the Complaint states conclusions of law to which no response is required.  To the extent a response is deemed necessary, DENSO denies the allegations contained in Paragraph 3 of the Complaint as they relate to DENSO.  DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants and, on that basis, denies the remaining allegations in Paragraph 3 of the Complaint.

4.   Paragraph 4 of the Complaint states conclusions of law to which no response is required. To the extent a response is deemed necessary, DENSO denies that it manufactures, sells, or distributes any products or devices that fall within the scope of the AHRA or that it is otherwise obligated to comply with the AHRA's requirements.  DENSO denies all other allegations of this paragraph as they relate to DENSO.  DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants or any other manufacturers and, on that basis, denies the remaining allegations in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.   Paragraph 5 of the Complaint states conclusions of law to which no response is required. To the extent a response is deemed necessary, DENSO admits that this Court has subject matter jurisdiction over matters arising under the copyright laws of the United States, pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.   Paragraph 6 of the Complaint states conclusions of law to which no response is required. To the extent a response is deemed necessary, DENSO denies the allegations of this paragraph and affirmatively avers that it has not committed any violations of law or other acts or omissions giving rise to liability, as alleged in this paragraph of the Complaint or elsewhere. For purposes of this litigation only, DENSO admits that this Court has personal jurisdiction over DENSO. DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants and, on that basis, denies the remaining allegations in Paragraph 6 of the Complaint.

7.   Paragraph 7 of the Complaint states conclusions of law to which no response is required. To the extent a response is deemed necessary, DENSO admits that venue is proper in this district but denies that it is the most convenient forum for resolution of this dispute.  DENSO lacks

sufficient information to form a belief as to the truth of the allegations concerning other

defendants and, on that basis, denies the remaining allegations in Paragraph 7 of the Complaint.

## PARTIES

8.   DENSO lacks sufficient information to form a belief as to the truth of the allegations in

Paragraph 8 of the Complaint and, on that basis, denies them.

9.   DENSO lacks sufficient information to form a belief as to the truth of the allegations in

Paragraph 9 of the Complaint and, on that basis, denies them.

10. DENSO admits the allegations of Paragraph 10 of the Complaint.

11. DENSO lacks sufficient information to form a belief as to the truth of the allegations in

Paragraph 11 of the Complaint and, on that basis denies them.

12. DENSO lacks sufficient information to form a belief as to the truth of the allegations in

Paragraph 12 of the Complaint and, on that basis, denies them.

## FACTUAL AND LEGAL BACKGROUND

**Requirements of the Audio Home Recording Act of 1992**

13. Paragraph 13 of the Complaint states conclusions of law and legal argument regarding

the AHRA and its legislative history to which no response is required. To the extent a response is

deemed necessary, DENSO admits that the AHRA was enacted by Congress in 1992 and

otherwise denies Plaintiff's arguments.  DENSO lacks sufficient information to form a belief as

to the truth of all other allegations in Paragraph 13 of the Complaint and, on that basis, denies

them.

14. Paragraph 14 of the Complaint states conclusions of law and legal argument regarding

the AHRA and its legislative history to which no response is required. To the extent a response is

deemed necessary, DENSO denies the allegations in Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint states conclusions of law and legal argument regarding the AHRA and its legislative history to which no response is required. To the extent a response is deemed necessary, DENSO admits that the AHRA provides a royalty deposit scheme, but denies that it is an importer, distributor, or manufacturer of DARDs or that DENSO otherwise has any obligation to comply with the notice and royalty provisions of 17 U.S.C. § 1003.

16. Paragraph 16 of the Complaint states conclusions of law and legal argument regarding the AHRA and its legislative history to which no response is required. To the extent a response is deemed necessary, DENSO denies all allegations of this paragraph as written and avers that 17 U.S.C. § 1002(a)(1)-(3) prohibits the importation, manufacture, or distribution of any DARD that does not conform to (1) the Serial Copy Management System ("SCMS"); (2) "a system that has the same functional characteristics as the Serial Copy Management System and requires that copyright and generation status information be accurately sent, received, and acted upon between devices using the system's method of serial copying regulation and devices using the Serial Copy Management System;" or (3) "any other system certified by the Secretary of Commerce as prohibiting unauthorized serial copying."  DENSO denies that it is an importer, distributor, or manufacturer of DARDs or that DENSO otherwise has any obligation to comply with the Incorporation of Copying Controls provisions of 17 U.S.C. Section 1002(a).

17. Paragraph 17 of the Complaint states conclusions of law and legal argument regarding the AHRA and its legislative history to which no response is required. To the extent a response is deemed necessary, DENSO denies the allegations of this paragraph and avers that 17 U.S.C. § 1001(3) defines the term DARD as stated in the AHRA.  DENSO further denies that it is an importer, distributor, or manufacturer of DARDs as that term is defined in 17 U.S.C. § 1001(3).

18. DENSO admits the allegations in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint states conclusions of law and legal argument regarding the AHRA and its legislative history to which no response is required. To the extent a response is deemed necessary, DENSO denies the allegations of this paragraph as written and avers that 17 U.S.C. § 1001(5) defines the term "digital musical recording" as stated in the AHRA.  DENSO denies all other allegations of Paragraph 19.

20. Paragraph 20 of the Complaint states conclusions of law and legal argument regarding the AHRA and its legislative history to which no response is required. To the extent a response is deemed necessary, DENSO denies the allegations of this paragraph as written and avers that 17 U.S.C. § 1009(a) states that an "interested copyright party injured by a violation of section 1002 or 1003 may bring a civil action" and that 17 U.S.C. § 1009(e) states that"[a]ny award of damages under subsection (d) shall be deposited with the Register pursuant to section 1005 for distribution to interested copyright parties as though such funds were royalty payments made pursuant to section 1003."  DENSO denies all other allegations of Paragraph 20.

21. DENSO denies the allegations in Paragraph 21 of the Complaint as they relate to DENSO.  DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants and, on that basis, denies the remaining allegations of Paragraph 21.

**General Motors and DENSO**

22.   DENSO lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and, on that basis, denies them.

23. Paragraph 23 of the Complaint merely seeks to characterize and assert legal conclusions regarding DENSO's activities, and therefore no response is required.  To the extent a response is deemed necessary, DENSO denies the allegations in this paragraph as written and avers that DENSO supplies GM with certain devices that are installed in and distributed in certain GM

vehicles.  DENSO denies all remaining allegations of Paragraph 23.

24. DENSO lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and, on that basis, denies them.

25. DENSO lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and, on that basis, denies them.

26. DENSO lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and, on that basis, denies them.

27. Paragraph 27 of the Complaint merely seeks to assert legal conclusions and characterize the GM hard drive device, and therefore no response is required.  To the extent a response is deemed necessary, DENSO denies the allegations of this paragraph as written and specifically denies that any device that DENSO supplies to GM is capable of making a "digital audio copied recording" ("DACR"), as that term is defined in the AHRA.  DENSO denies all remaining allegations of this Paragraph as they relate to DENSO.  DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning devices not provided by DENSO and, on that basis, denies the remaining allegations of Paragraph 27.

28. Paragraph 28 of the Complaint merely seeks to assert legal conclusions and characterize the GM hard drive device, and therefore no response is required.  To the extent a response is deemed necessary, DENSO denies the allegations of this paragraph as written and specifically denies that the "primary purpose" of the recording function of any device that DENSO provides to GM is the making of DACRs for private use, as those terms are defined or otherwise used in the AHRA.  DENSO further denies that the devices it provides to GM are capable of making DACRs, as that term is defined in the AHRA.  DENSO lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and lacks sufficient

information to form a belief as to the truth of the allegations concerning devices not provided by DENSO and, on those bases, denies the remaining allegations of Paragraph 28.

29. Paragraph 29 of the Complaint merely seeks to assert legal conclusions and characterize the GM hard drive device, and therefore no response is required.  To the extent a response is deemed necessary, DENSO denies the allegations of this paragraph as written and avers that all devices that it supplies to GM have numerous features and functionalities in addition to the ability to record music, and further avers that the recording functionality of devices supplied by DENSO to GM has numerous purposes and does not have as a primary purpose the making of DACRs.  DENSO further specifically denies that the other features and functionalities of the devices it supplies are minor or incidental or insignificant relative to any ability of the devices to record music, and denies that the devices it provides to GM are capable of making DACRs, as that term is defined in the AHRA.  DENSO lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and lacks sufficient information to form a belief as to the truth of the allegations concerning devices not provided by DENSO and, on those bases, denies the remaining allegations of Paragraph 29.

30.  DENSO denies the allegations in Paragraph 30 of the Complaint as they relate to devices supplied to GM by DENSO.  DENSO further specifically denies that any infotainment system that it has ever supplied to GM lacked a navigation system.  DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning devices not provided by DENSO and, on that basis, denies the remaining allegations of Paragraph 30.

31. DENSO denies the allegations in Paragraph 31 of the Complaint as they relate to DENSO.  DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning the actions of other defendants and lacks sufficient information to form a belief as to

the truth of the allegations concerning devices not provided by DENSO and, on those bases, denies the remaining allegations of Paragraph 31.

32. DENSO lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint concerning the actions of other defendants and lacks sufficient information to form a belief as to the truth of the allegations concerning devices not provided by DENSO and, on those bases, denies the allegations of Paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint states conclusions of law to which no response is required.  To the extent a response is deemed necessary, DENSO denies that the devices it supplies to GM are DARDs.  DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants and lacks sufficient information to form a belief as to the truth of the allegations concerning devices not provided by DENSO and, on those bases, denies the remaining allegations of Paragraph 33 of the Complaint.

34. DENSO admits that DENSO supplies GM with certain devices in the United States. DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants and/or devices not provided by DENSO and, on that basis, denies the remaining allegations of Paragraph 34 of the Complaint.

35. DENSO admits that it has not filed any notices or statements of account with the Register of Copyrights pursuant to the AHRA, but denies that it has an obligation to do so under the AHRA or otherwise.  DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants and, on that basis, denies the remaining allegations of Paragraph 35 of the Complaint.

36. DENSO admits that it has not paid to the Register of Copyrights any royalties pursuant to the AHRA, but denies that it has an obligation to do so under the AHRA or otherwise.  DENSO

lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants and, on that basis, denies the remaining allegations of Paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint states conclusions of law to which no response is required.  To the extent a response is deemed necessary, DENSO denies that the devices it supplies to GM are DARDs as that term is defined in the AHRA such that DENSO is under any obligation to conform its devices to the AHRA.  DENSO denies that the AHRA, as enacted, ever supplied an operative definition of SCMS, and denies that any of its devices fail to conform as an "equivalent" of SCMS.  DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants and/or devices not provided by DENSO and, on that basis, denies the remaining allegations of Paragraph 37 of the Complaint.

**Ford and Clarion**

38. DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants and, on that basis, denies the allegations of Paragraph 38 of the Complaint.

39. DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants and, on that basis, denies the allegations of Paragraph 39 of the Complaint.

40. DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants and, on that basis, denies the allegations of Paragraph 40 of the Complaint.

41. DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants and, on that basis, denies the allegations of Paragraph 41 of the Complaint.

42. DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants and, on that basis, denies the allegations of Paragraph 42 of the Complaint.

43. DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants and, on that basis, denies the allegations of Paragraph 43 of the Complaint.

44. DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants and, on that basis, denies the allegations of Paragraph 44 of the Complaint.

45. DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants and, on that basis, denies the allegations of Paragraph 45 of the Complaint.

46. DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants and, on that basis, denies the allegations of Paragraph 46 of the Complaint.

47. DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants and, on that basis, denies the allegations of Paragraph 47 of the Complaint.

48. DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants and, on that basis, denies the allegations of Paragraph 48 of the Complaint.

49. DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants and, on that basis, denies the allegations of Paragraph 49 of the

Complaint.

50. DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants and, on that basis, denies the allegations of Paragraph 50 of the Complaint.

51. DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants and, on that basis, denies the allegations of Paragraph 51 of the Complaint.

52. DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants and, on that basis, denies the allegations of Paragraph 52 of the Complaint.

## CLASS ACTION ALLEGATIONS

53. DENSO repeats and incorporates by reference its responses to paragraphs 1-52 above, as if fully set forth herein.

54. The allegations of Paragraph 54 merely seek to characterize and assert legal conclusions regarding AARC's claims regarding a putative class pursuant to 17 U.S.C. §1001(7), and therefore no response is required.  To the extent a response is deemed necessary, DENSO admits that AARC purports to bring this action on behalf of itself and a putative class.  DENSO denies that class treatment is appropriate, denies that relief is available to any person other than using the distribution mechanism specified in the statute, denies that there is any class of persons who would be eligible for distributions during the relevant period of time of the Complaint, and further denies all other allegations contained in Paragraph 54 of the Complaint.

55. The allegations of Paragraph 55 merely seek to characterize and assert legal conclusions regarding AARC's claims regarding a putative class pursuant to 17 U.S.C. §1001(7), and

therefore no response is required.  To the extent a response is deemed necessary, DENSO admits

that AARC purports to bring this action on behalf of itself and a putative class pursuant to 17

U.S.C. §1001(7).  DENSO denies that class treatment is appropriate, denies that relief is

available to any person other than using the distribution mechanism specified in the statute,

denies that there is any class of persons who would be eligible for distributions during the

relevant period of time of the Complaint, and further denies all other allegations contained in

Paragraph 55 of the Complaint.

    56. The allegations of Paragraph 56 merely seek to characterize and assert legal conclusions

regarding AARC's claims regarding a putative class pursuant to 17 U.S.C. §1001(7), and

therefore no response is required.  To the extent a response is deemed necessary, DENSO denies

the allegations contained in Paragraphs 56(A)-(H) of the Complaint as they relate to DENSO.

DENSO further denies that class treatment is appropriate, denies that relief is available to any

person other than using the distribution mechanism specified in the statute, and denies that there

is any class of persons who would be eligible for distributions during the relevant period of time

of the Complaint.  DENSO lacks sufficient information to form a belief as to the truth of the

remaining allegations concerning other defendants and, on that basis, denies the allegations of

Paragraph 56 of the Complaint.

    57. The allegations of Paragraph 57 merely seek to characterize and assert legal conclusions

regarding AARC's claims regarding a putative class and regarding Plaintiff, and therefore no

response is required. To the extent a response is deemed necessary, DENSO lacks sufficient

information to form a belief as to the truth of the allegations and, on that basis, denies them.

DENSO further denies that class treatment is appropriate, denies that relief is available to any

person other than using the distribution mechanism specified in the statute, and denies that there

is any class of persons who would be eligible for distributions during the relevant period of time of the Complaint.

58. The allegations of Paragraph 58 merely seek to characterize and assert legal conclusions relating to AARC's claims regarding a putative class and regarding Plaintiff and its counsel, and therefore no response is required. To the extent a response is deemed necessary, DENSO lacks sufficient information to form a belief as to the truth of the allegations and, on that basis, denies them. DENSO further denies that class treatment is appropriate, denies that relief is available to any person other than using the distribution mechanism specified in the statute, and denies that there is any class of persons who would be eligible for distributions during the relevant period of time of the Complaint.

59. Paragraph 59 of the Complaint states conclusions of law and characterizations regarding the AHRA to which no response is required. To the extent a response is deemed necessary, DENSO denies that "the AHRA imposes a uniform standard of conduct on" DENSO and denies all other allegations of Paragraph 59 as they relate to DENSO. DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants and, on that basis, denies the remaining allegations. DENSO further denies that class treatment is appropriate, denies that relief is available to any person other than using the distribution mechanism specified in the statute, and denies that there is any class of persons who would be eligible for distributions during the relevant period of time of the Complaint.

60. Paragraph 60 of the Complaint states conclusions of law to which no response is required. To the extent a response is deemed necessary, DENSO lacks sufficient information to form a belief as to the truth of the allegations and, on that basis, denies them. DENSO further denies that class treatment is appropriate, denies that relief is available to any person other than

using the distribution mechanism specified in the statute, and denies that there is any class of persons who would be eligible for distributions during the relevant period of time of the Complaint.

61. Paragraph 61 of the Complaint states conclusions of law to which no response is required.  To the extent a response is deemed necessary, DENSO lacks sufficient information to form a belief as to the truth of the allegations and, on that basis, denies them. DENSO further denies that class treatment is appropriate, denies that relief is available to any person other than using the distribution mechanism specified in the statute, and denies that there is any class of persons who would be eligible for distributions during the relevant period of time of the Complaint.

## COUNT I
## INJUNCTIVE RELIEF
### (Violation of 17 U.S.C. § 1003(a))

62. DENSO repeats and incorporates by reference its responses to paragraphs 1-61 above, as if fully set forth herein.

63. DENSO denies the allegations in Paragraph 63 of the Complaint to the extent they relate to DENSO.  DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants and, on that basis, denies the remaining allegations of Paragraph 63 of the Complaint.

64. DENSO denies the allegations in Paragraph 64 of the Complaint to the extent they relate to DENSO.  DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants and, on that basis, denies the remaining allegations of Paragraph 64 of the Complaint.

65. DENSO denies the allegations in Paragraph 65 of the Complaint to the extent they relate

to DENSO.  DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants and, on that basis, denies the remaining allegations of Paragraph 65 of the Complaint.

66. DENSO admits that the Complaint purports to seek a permanent injunction enjoining Defendants.  DENSO denies that it distributes DARDs or that it otherwise has any liability under the AHRA.  DENSO further denies that Plaintiff is entitled to injunctive relief.  DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants and, on that basis, denies the remaining allegations of Paragraph 66 of the Complaint.

**COUNT II**
**DAMAGES**
**(Violation of 17 U.S.C. § 1003(a))**

67. DENSO repeats and incorporates by reference its responses to paragraphs 1-66 above, as if fully set forth herein.

68. DENSO denies the allegations in Paragraph 68 of the Complaint to the extent they relate to DENSO.  DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants and, on that basis, denies the remaining allegations of Paragraph 68 of the Complaint.

69. DENSO denies the allegations in Paragraph 69 of the Complaint to the extent they relate to DENSO.  DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants and, on that basis, denies the remaining allegations of Paragraph 69 of the Complaint.

70. DENSO denies the allegations in Paragraph 70 of the Complaint to the extent they relate to DENSO.  DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants and, on that basis, denies the remaining allegations of

Paragraph 70 of the Complaint.

71. DENSO admits that the Complaint purports to seek damages pursuant to 17 U.S.C. Section 1009(c)(2) and (d)(1)(A).  DENSO denies that it has any liability under the AHRA, or that AARC is otherwise entitled to damages from any action or event alleged in the Complaint, to the extent those allegations relate to DENSO.   DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants and, on that basis, denies the remaining allegations of Paragraph 71 of the Complaint.

**COUNT III**
**INJUNCTIVE RELIEF**
**(Violation of 17 U.S.C. § 1002(a))**

72. DENSO repeats and incorporates by reference its responses to paragraphs 1-71 above, as if fully set forth herein.

73. DENSO denies the allegations in Paragraph 73 of the Complaint to the extent they relate to DENSO.  DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants and, on that basis, denies the remaining allegations of Paragraph 73 of the Complaint.

74. DENSO admits that the Complaint purports to seek a permanent injunction enjoining Defendants.  DENSO denies that it distributes DARDs or that it otherwise has any liability under the AHRA.  DENSO further denies that Plaintiff is entitled to injunctive relief.  DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants and, on that basis, denies the remaining allegations of Paragraph 74 of the Complaint.

**COUNT IV**
**DAMAGES**
**(Violation of 17 U.S.C. § 1002(a))**

75. DENSO repeats and incorporates by reference its responses to paragraphs 1-74 above, as if fully set forth herein.

76. DENSO denies the allegations in Paragraph 76 of the Complaint to the extent they relate to DENSO.  DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants and, on that basis, denies the remaining allegations of Paragraph 76 of the Complaint.

77. DENSO admits that the Complaint purports to seek damages pursuant to 17 U.S.C. Sections 1009(c)(2) and (d)(1)(B)(i).  DENSO denies that it has any liability under the AHRA, or that AARC is otherwise entitled to damages from any action or event alleged in the Complaint, to the extent those allegations relate to DENSO.  DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants and, on that basis, denies the remaining allegations of Paragraph 77 of the Complaint.

**COUNT V**
**DECLARATORY RELIEF**
**(Violation of 17 U.S.C. §§ 1002 and 1003)**

78. DENSO repeats and incorporates here its responses to paragraphs 1-77 above, as if fully set forth herein.

79. DENSO admits the allegations in Paragraph 79.

80. DENSO admits that the Complaint purports to seek a judicial declaration against the Defendants.   DENSO denies that AARC is entitled to any such declaratory relief; that the AHRA applies to the DENSO devices at issue or that DENSO must comply with the AHRA as it relates to the DENSO devices at issue; that DENSO has violated the AHRA; or that DENSO

otherwise has any liability for any action or event alleged in the Complaint. DENSO specifically denies all other allegations of Paragraph 80(a)-(g) of the Complaint as they relate to DENSO. DENSO lacks sufficient information to form a belief as to the truth of the allegations concerning other defendants and, on that basis, denies the remaining allegations of Paragraph 80(a)-(g) of the Complaint.

## AFFIRMATIVE DEFENSES

Subject to the responses above, and without assuming any burden other than that imposed by operation of law, DENSO asserts the following affirmative and other defenses in response to AARC's allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative and other defenses described below, subject to the responses above, DENSO intends to conduct discovery and specifically reserves all rights to assert additional affirmative and other defenses that become known through the course of discovery or otherwise.

## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

The Complaint fails to state any claim against DENSO upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
(Misjoinder of Defendants)

Federal Rule of Civil Procedure 20 provides for the permissive joinder of defendants only where the right asserted by the plaintiff arises out of the same transaction or occurrence, or series of transactions or occurrences. The claims against Ford and Clarion do not arise out of the same transaction or occurrences as the claims against DENSO, and to the extent that Plaintiff seeks to impose liability on GM for models not supplied by DENSO, such claims should not be joined with any claim against DENSO.

### THIRD AFFIRMATIVE DEFENSE
(Laches)

The doctrine of laches bars AARC's claims, in that AARC has unreasonably delayed in the enforcement of its rights if any, despite its full awareness of DENSO's actions since at least 2009.

### FOURTH AFFIRMATIVE DEFENSE
(Waiver, Acquiescence, Estoppel)

The doctrines of acquiescence, waiver and estoppel bar AARC's claims, in that AARC's conduct implied consent to DENSO's actions that form the basis of AARC's claims.

### FIFTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

The relevant statute of limitations bars AARC's claims, in whole or in part.

### SIXTH AFFIRMATIVE DEFENSE
(Unjust Enrichment)

Plaintiff and the members of the alleged class would be unjustly enriched if they were permitted to obtain any recovery in this action.

### SEVENTH AFFIRMATIVE DEFENSE
(Due Process Violation)

Plaintiff's Complaint, and each purported cause of action contained therein, is barred as it relies on statutes that are unconstitutionally vague and violate due process: they are so indefinite as to give no fair warning of the conduct they seek to regulate, the applicable penalties allow for arbitrary and discriminatory enforcement, and determination of the scope and meaning of the statutes at issue requires speculation.

### EIGHTH AFFIRMATIVE DEFENSE
(Statute Unconstitutionally Vague)

Plaintiff's Complaint, and each purported cause of action contained therein, is barred as

Section 1002 of the AHRA's purported prohibition on the importation, manufacture, and distribution of digital audio recording devices that do not comply with the Serial Copy Management System, a system "that has the same functional characteristics as the Serial Copy Management System," or "any other system certified by the Secretary of Commerce as prohibiting unauthorized serial copying," is unconstitutionally vague and violates due process. DENSO believes and therefore alleges that the AHRA uses the defined term "Serial Management Copy System" without defining it, and a definition for which Congress chose to omit from the law; the Secretary of Commerce, contrary to the requirement of section 1002(b), has never established a procedure to verify, upon the petition of an interested party, that a system meets the standard of having the same functional characteristics as the Serial Copy Management System; no interested party has ever petitioned the Secretary of Commerce to establish such a verification procedure; and the Secretary of Commerce has never promulgated or instituted rules or procedures for certifying a system as prohibiting unauthorized serial copying.  As a consequence, Section 1002 of the AHRA lacks any constitutionally or statutorily enforceable standard.

## DENSO'S COUNTERCLAIM

For its counterclaim against AARC, DENSO states and alleges as follows:

### THE PARTIES

1.   DENSO is a Delaware corporation with its principal place of business at 24777 Denso Drive, Southfield, Michigan 48033.

2.   According to the allegations in its Complaint, AARC is incorporated in Pennsylvania and headquartered in Virginia.

**JURISDICTION AND VENUE**

3.   This Court has subject matter jurisdiction over DENSO's counterclaim pursuant to 28

U.S.C. §§ 1331, 1338(a), 2201, and 2202.

4.   AARC's Complaint has established an actual and justiciable controversy between AARC

and DENSO with respect to whether certain products supplied by DENSO to GM are "digital

audio recording devices" ("DARD") under the Audio Home Recording Act, 17 U.S.C. §§ 1001

et seq. ("AHRA"), such that DENSO is obligated to comply with requirements of the AHRA

including the payment of royalties on the DENSO devices.

5.   This Court has personal jurisdiction over AARC because AARC has filed this lawsuit in

this District

6.   Venue is proper in this District pursuant to 28 U.S.C. §§ 1391.

**FACTUAL BACKGROUND**

7.   DENSO is a supplier of advanced technology, systems, and components to the

automotive industry.  AARC has accused DENSO of violating the AHRA through DENSO's

distribution of certain devices, namely "navigation and infotainment systems," for supply to

defendant GM ("the DENSO infotainment devices").

8.   The DENSO infotainment devices include numerous features and functionalities, such as

a navigation system with nationwide map display, various route calculation, and guidance and

full point-of-interest search capability; radio; DVD/CD player including rear display

entertainment projection; MP3 (and other audio format) player; USB interface for connection of

a variety of devices; hard disc drive ("HDD"); voice recognition; and a cell phone/smart phone

functionality that allows for hands-free phone capability, among others.

9.   The HDDs used in the DENSO infotainment devices are standard HDDs supplied by

Japanese HDD manufacturers.  Once the devices are assembled, the HDDs contain the computer programs necessary for users to operate the DENSO infotainment devices, including the user interface, navigation software, video display software, music playback software, and a variety of other functions that have nothing to do with audio recording.  The recording functionality on the HDDs used in the DENSO infotainment devices is a standard magnetic head resting on a moving actuator arm in order to read and write digital data to the platter.

10. Each of the computer programs in the DENSO infotainment devices use this same standard physical recording functionality to record any digital data to the HDD.

11. The DENSO infotainment devices, including the HDD, do not qualify as a DARD, pursuant to the AHRA. The DENSO infotainment devices, including the HDD and its recording function, are not capable of, and are not designed or marketed by DENSO for the primary purpose of making a "digital audio copied recording" ("DACR"), as that term is used in the AHRA.  DENSO therefore is not obligated to conform its devices to the regulations of the AHRA and is not required to make royalty payments on its devices under the AHRA, as alleged by Plaintiff.

12. The DENSO devices also do not allow for "serial copying," as that term is used in the AHRA, and thus no serial copying control mechanism is required.

13. DENSO's infotainment devices accused by Plaintiff do not violate the AHRA and DENSO has so advised Plaintiff on multiple occasions.

### COUNT I
### (Declaratory Relief Under the Audio Home Recording Act, 17 U.S.C. §§ 1001 et seq.)

14. DENSO restates and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

15. An actual and justiciable controversy exists between DENSO and AARC relating to the

DENSO infotainment devices at issue in Plaintiff's Complaint.

16. DENSO requests a declaration that its devices at issue in Plaintiff's Complaint do not fall within the statutory definition of DARDs and that its devices, including the HDDs therein, are not capable of making a DACR, as those terms are used in the AHRA.

17. DENSO further requests a declaration that it has no obligations to conform its infotainment devices to the AHRA and/or make royalty payments pursuant to that statute.

18. Absent a declaration that the DENSO infotainment devices do not violate the provisions of the AHRA, 17 U.S.C. §§ 1001 et seq., AARC will continue to assert its allegations of wrongdoing against DENSO and others, including DENSO's customer GM, in violation of the laws and contrary to the public policy of the United States, and will thereby continue to cause DENSO irreparable injury and damage.  A judicial determination and declaration thus is necessary to protect DENSO from uncertainty and harm, including further disruption to its business.

### PRAYER FOR RELIEF

Defendant and Counterclaimant DENSO respectfully requests that the Court enter judgment in favor of DENSO as follows:

### On Plaintiff's Claims

A.      That the Court dismiss Plaintiff's Complaint in its entirety, with prejudice, with AARC taking nothing by way of its claims, and enter judgment on the Complaint in favor of DENSO;

B.      That the Court deny all relief requested by Plaintiff in its Complaint; and

C.      That the Court award DENSO its reasonable attorneys' fees and costs incurred in connection with this action; and

D.      That the Court grant DENSO such other and further relief as this Court deems just and appropriate.

On DENSO's Counterclaim

A.      That the Court enter judgment against Plaintiff and in favor of DENSO with respect to DENSO's counterclaim;

B.      That the Court enter a declaratory judgment that the DENSO infotainment devices are not DARDs under the Audio Home Recording Act;

C.      That the Court enter a declaratory judgment that DENSO is not in violation of the Audio Home Recording Act;

F.      That the Court award DENSO its reasonable attorneys' fees and costs in connection with this action; and

G.      That the Court grant DENSO such other and further relief as this Court deems just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

DENSO hereby demands a trial by jury of all issues triable of right by a jury.

Dated: October 28, 2014                          Respectfully submitted,

                                                 /s/      Steven J. Routh
                                                 Steven J. Routh (D.C. Bar. No. 376068)
                                                 ORRICK, HERRINGTON & SUTCLIFFE LLP
                                                 1152 15th Street, NW
                                                 Washington, DC 20005
                                                 (202) 339-8509
                                                 srouth@orrick.com

                                                 Annette L. Hurst (*pro hac vice*)
                                                 ORRICK, HERRINGTON & SUTCLIFFE LLP
                                                 405 Howard Street
                                                 San Francisco, CA 94105-2669
                                                 (415) 773-4585
                                                 ahurst@orrick.com

                                                 James M. Burger (D.C. Bar No. 151720)
                                                 THOMPSON COBURN, LLP
                                                 1909 K St., N.W.
                                                 Suite 600
                                                 Washington, DC 20006
                                                 Telephone: (202) 585-6909
                                                 Fax: (202) 585-6969
                                                 jburger@thompsoncoburn.com

                                                 *Counsel for Defendant DENSO International America,
                                                 Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2014, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, and that a copy was served on the following

counsel of record via ECF:

Richard Brian Dagen
AXINN, VELTROP & HARKRIDER LLP
950 F Street, NW
Washington, DC 20004
(202) 721-5418
Fax: (202) 326-3384
Email: rdagen@axinn.com

Michael D. Bednarek
AXINN, VELTROP & HARKRIDER LLP
950 F Street, NW
Washington, DC 20004
(202) 912-4700
Email: mdb@avhlaw.com

Andrew Phillip Bridges
FENWICK & WEST, LLP
555 California Street
Suite 1200
San Francisco, CA 94104
(415) 875-2300
Email: abridges@fenwick.com

Joshua Hersh Packman
BAKER BOTTS, LLP
The Warner Building
1299 Pennsylvania Avenue, NW
Suite 1300
Washington, DC 20004-2400
(202) 639-7700
Email: joshua.packman@bakerbotts.com

Paul J. Riley
BAKER & BOTTS, L.L.P.
2001 Ross Avenue
Suite 600
Dallas, TX 75201
(214) 953-6849
Fax: (214) 661-4849

Van H. Beckwith
BAKER & BOTTS, L.L.P.
2001 Ross Avenue
Suite 600
Dallas, TX 75201
(214)953-6849
Email: van.beckwith@bakerbotts.com

/s/     Steven J. Routh
       Steven J. Routh