## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLIANCE OF ARTISTS AND RECORDING COMPANIES, INC., <br><br> Plaintiff <br> v. <br><br> GENERAL MOTORS LLC, *et al.*, <br><br> Defendants. | Civ. No. 1:14-cv-01271-KBJ <br><br> Honorable Judge Ketanji Brown Jackson <br><br> JURY TRIAL DEMANDED |
| ALLIANCE OF ARTISTS AND RECORDING COMPANIES, INC., <br><br> Plaintiff <br><br> v. <br><br> CHRYSLER GROUP LLC, <br> (now known as FCA US LLC), <br> MITSUBISHI ELECTRIC AUTOMOTIVE AMERICA, INC., <br><br> Defendants. | Civ. No. 1:14-cv-01920-KBJ (consolidated) |

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANT MITSUBISHI ELECTRIC AUTOMOTIVE AMERICA, INC.

Defendant Mitsubishi Electric Automotive America, Inc. ("MEAA"), by and through its undersigned attorneys, hereby answers and provides affirmative defenses to the Class Action Complaint ("Complaint") of Plaintiff Alliance of Artists and Recording Companies, Inc. ("AARC"), which was filed on November 14, 2014 in Docket 1:14-cv-01920-KBJ.

MEAA denies all allegations in the Complaint not specifically admitted below and denies that AARC is entitled to any relief in this action.

MEAA objects to AARC's allegations in the Complaint directed at "Mitsubishi" or "Mitsubishi Electric."  MEAA is a separate and distinct corporate entity from Mitsubishi Electric US, Inc. ("MEUS"), and AARC has voluntarily dismissed MEUS as a defendant in this litigation. MEAA therefore answers below with respect only to MEAA and not on behalf of or collectively with MEUS.

With respect to allegations in the Complaint that are directed toward Chrysler Group LLC ("Chrysler") that are not specifically admitted below, MEAA lacks information or knowledge sufficient to admit those allegations, and denies those allegations on that ground as well as any other ground stated below.

In addition, companies other than MEAA supply automotive entertainment systems to Chrysler, some of which companies' systems are specifically referenced in the Complaint (*see, e.g.*, paragraph 36). MEAA lacks information or knowledge concerning these companies' products, and denies any liability for any systems or components supplied by other companies.

MEAA reserves the right to amend or seek to amend its answers and affirmative defenses.

## ANSWER

Answering the numbered paragraphs of the Complaint, MEAA states as follows:

1.    MEAA admits that the Complaint purports to allege a class action for damages and an injunction against Defendants for alleged violations of the Audio Home Recording Act of 1992, 17 U.S.C. §§ 1001 et seq. ("AHRA"). MEAA denies that it has violated the AHRA, or that AARC has any entitlement to damages or injunctive relief against MEAA. MEAA further admits that the AHRA addresses the manufacture, importation, and distribution of a narrow, statutorily-defined class of "Digital Audio Recording Devices" ("DARDs").  MEAA lacks knowledge and

2

information sufficient to form a belief in the truth of all other allegations in Paragraph 1 of the Complaint.

2. MEAA denies the allegations of sentence 1 of Paragraph 2. The remaining allegations of Paragraph 2 state characterizations and conclusions of law to which no response is required.  To the extent a response is deemed necessary, MEAA denies the remaining allegations of Paragraph 2 as they relate to MEAA. More specifically, MEAA denies that it manufactures, sells, or distributes any products or devices that fall within the scope of the AHRA, that it benefits in any way from the AHRA, that MEAA might have any liability for copyright infringement for importing and selling automotive entertainment systems, or that it is obligated in any way to comply with the AHRA's requirements or to make any royalty payments under the AHRA. MEAA denies that AARC made "intensive" efforts to contact MEAA concerning whether MEAA had any obligations under the AHRA.

3. Paragraph 3 states conclusions of law to which no response is required.  To the extent a response is deemed necessary, MEAA denies the allegations of Paragraph 3 as they relate to MEAA.  MEAA specifically denies that it has violated the AHRA, or that it manufactures, sells, or distributes "Digital Audio Recording Devices" as defined by the AHRA, or that the AHRA imposes any obligations on MEAA or the automotive entertainment systems it supplies to Chrysler. MEAA denies that it designed its automotive entertainment systems for the primary purpose of "copying music CDs" (a term defined by neither the Complaint nor the AHRA) or copying "Digital Musical Recordings," and denies that it "markets" those systems. MEAA denies that the AHRA requires MEAA to "register" its automotive entertainment systems or to deposit royalty payments for such systems with the Copyright Office, but admits that it has not made such royalty payments because the AHRA imposes no obligation on MEAA to do so.

MEAA lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning "the Serial Copy Management System or its functional equivalent," inasmuch as such terms are not defined by the AHRA; and any requirement to comply with such vague and undefined terms is unenforceable and violates constitutional guarantees of due process.

4.      Paragraph 4 states conclusions of law to which no response is required.  To the extent a response is deemed necessary, MEAA denies all allegations of this paragraph as they relate to MEAA. MEAA specifically denies that the automotive entertainment systems it imports, manufactures, sells, or distributes are "Digital Audio Recording Devices" or that it is otherwise obligated to comply with the AHRA's requirements with respect to those systems. MEAA lacks knowledge and information sufficient to form a belief in the truth of the allegations in Paragraph 4 concerning the actions of any other manufacturers.

5.      MEAA admits that this Court has original jurisdiction over claims brought under the AHRA pursuant to 28 U.S.C. §§ 1331 and 1338(a), and otherwise denies the allegations of this paragraph.

6.      MEAA denies the factual allegations of this paragraph and further specifically avers that it has not committed any acts or omissions in violation of the AHRA, and has not caused any injury cognizable under the AHRA to AARC or other members of its purported class, as alleged in this paragraph of the Complaint or elsewhere.  For purposes of this litigation only, MEAA admits that this Court has personal jurisdiction over MEAA.

7.      MEAA admits that venue is proper in this district but denies that it is the most convenient forum for resolution of this dispute.

8.      MEAA lacks knowledge and information sufficient to form a belief in the truth of the allegations in Paragraph 8.

9.      MEAA lacks knowledge and information sufficient to form a belief in the truth of the allegations in Paragraph 9.

10.      MEAA admits the allegations in Paragraph 10.

11.      MEAA admits the allegations in Paragraph 11.

12.      MEAA admits that the AHRA was enacted by Congress in 1992.  The remainder of paragraph 12 merely states characterizations and conclusions of law regarding the AHRA and its legislative history, to which no response is required.  To the extent a response is deemed necessary, MEAA denies the remaining allegations of Paragraph 12.

13.      Paragraph 13 merely purports to state characterizations and conclusions of law and legal argument regarding the AHRA and its legislative history, to which no response is required.  MEAA lacks knowledge or information sufficient to respond to assertions in this paragraph as to what private parties may have "adopted" or "agreed" or any reasons therefor. To the extent any other response is deemed necessary, MEAA denies the allegations in Paragraph 13.

14.      Paragraph 14 purports to state characterizations and conclusions of law and legal argument regarding the AHRA and its legislative history to which no response is required.  To the extent a response is deemed necessary.  MEAA denies that the actions described in the first sentence of Paragraph 14 sentence "enacted the royalty payment requirement."  MEAA admits the averments of the second sentence of Paragraph 14.  To the extent that this paragraph implies that MEAA is required to take any action under the provisions of the AHRA, MEAA denies that it is an importer, distributor, or manufacturer of DARDs or that it otherwise has any obligation to comply with the notice and royalty provisions of 17 U.S.C. § 1003.  To the extent any other response is deemed necessary, MEAA denies the allegations in Paragraph 14.

5

15.     Paragraph 15 purports to state characterizations and conclusions of law and legal argument regarding the AHRA and its legislative history to which no response is required.  To the extent a response is deemed necessary, MEAA lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning "the Serial Copy Management System or its functional equivalent," inasmuch as such terms are not defined by the AHRA; and any requirement to comply with such vague and undefined terms is unenforceable and violates constitutional guarantees of due process. To the extent that this paragraph implies that MEAA has any legal obligation to take any action under the provisions of the AHRA with respect to its automotive entertainment systems, MEAA denies that it is an importer, distributor, or manufacturer of DARDs or that MEAA otherwise has any obligation to comply with 17 U.S.C. § 1002(a).

16.     Paragraph 16 purports to state characterizations and conclusions of law and legal argument regarding the AHRA to which no response is required. To the extent that this paragraph purports to state requirements of the "Serial Copy Management System," MEAA incorporates by reference its response to Paragraph 15 as if set forth fully herein.

17.     Paragraph 17 purports to state characterizations and conclusions of law and legal argument regarding the AHRA to which no response is required. To the extent that this paragraph purports to state requirements of the "Serial Copy Management System," MEAA incorporates by reference its response to Paragraph 15 as if set forth fully herein.

18.     Paragraph 18 purports to state characterizations and conclusions of law and legal argument regarding the AHRA to which no response is required. To the extent that this paragraph purports to state requirements of the "Serial Copy Management System," MEAA incorporates by reference its response to Paragraph 15 as if set forth fully herein.

19.     Paragraph 19 purports to state characterizations and conclusions of law and legal argument regarding the AHRA to which no response is required. To the extent that this paragraph purports to state requirements of the "Serial Copy Management System," MEAA incorporates by reference its response to Paragraph 15 as if set forth fully herein.

20.     MEAA admits that Paragraph 20 sets forth an incomplete recitation of the definition of "Digital Audio Recording Device" in the AHRA, 17 U.S.C. § 1001(3), but denies that Paragraph 20 contains a complete definition of the term.

21.     MEAA admits the allegations of Paragraph 21.

22.     MEAA admits that Paragraph 22 sets forth an incomplete recitation of the definition of "digital musical recording" in the AHRA, 17 U.S.C. § 1001(5), but denies that Paragraph 22 contains a complete definition of the term. MEAA cannot admit or deny the truth of the last sentence of Paragraph 22 inasmuch as neither the AHRA nor the Complaint defines the term "music CDs."

23.     Paragraph 23 purports to merely state characterizations and conclusions of law and legal argument regarding the AHRA and its legislative history to which no response is required. To the extent a response is deemed necessary, MEAA admits that 17 U.S.C. § 1009(a) states that an "interested copyright party injured by a violation of section 1002 or 1003 may bring a civil action" and that 17 U.S.C. § 1009(e) states that "[a]ny award of damages under subsection (d) shall be deposited with the Register pursuant to section 1005 for distribution to interested copyright parties as though such funds were royalty payments made pursuant to section 1003."  MEAA denies all other allegations of Paragraph 23.

24.     MEAA denies the allegations of Paragraph 24. MEAA's automotive entertainment systems are not DARDs, and MEAA's importation and distribution of those systems did not and does not violate the AHRA.

25.     Upon information and belief, MEAA admits the first and last sentences of Paragraph 25.  MEAA lacks knowledge and information sufficient to form a belief in the truth of the remaining allegations in Paragraph 25.

26.     MEAA lacks knowledge and information sufficient to form a belief in the truth of the allegations in Paragraph 26.

27.     MEAA admits that MEAA supplies Chrysler with certain products that are installed in and distributed in certain Chrysler vehicles.  MEAA denies all remaining allegations of Paragraph 27.

28.     MEAA admits that certain Chrysler vehicles include a device that can be used, *inter alia*, to copy various types of data files from a compact disc to a hard disk drive, which files may include graphics, data, photographs, software, spoken word recordings such as audiobooks and podcasts, and recorded music. MEAA lacks knowledge and information sufficient to form a belief in the truth of the remaining allegations in Paragraph 28.

29.     MEAA lacks knowledge and information sufficient to form a belief in the truth of the allegations in Paragraph 29.

30.     MEAA lacks knowledge and information sufficient to form a belief in the truth of the allegations in Paragraph 30.

31.     MEAA lacks knowledge and information sufficient to form a belief in the truth of the allegations in Paragraph 31 concerning devices not supplied by MEAA. With respect to systems supplied by MEAA, MEAA denies that any device that MEAA supplies to Chrysler is

capable of making a "Digital Audio Copied Recording" ("DACR"), as that term is defined in 17 U.S.C. § 1001(1). MEAA further denies that the MEAA-supplied systems can copy the contents of any compact disc to the systems' hard-disk drive. MEAA further denies that the data indicating the name of an artist, sound recording, song title, and/or genre, as supplied by MEAA on the hard disk drive of the automotive entertainment systems, is provided to enable identification of sound recording files that may be copied to the hard-disk drive; to the contrary, MEAA provides that data to enable identification of sound recordings when played from a compact disc. MEAA admits that a sound recording recorded to the hard disk drive may be played back directly from the hard disk drive.  MEAA denies all remaining allegations in Paragraph 31.

32.     MEAA denies the allegations of Paragraph 32, and specifically denies that its automotive entertainment systems supplied to Chrysler are capable of making a "Digital Audio Copied Recording" or that the "primary purpose" of the recording function of such systems is the making of a "Digital Audio Copied Recording" for private use.

33.     MEAA denies the allegations of Paragraph 33.  MEAA specifically denies that the automotive entertainment systems supplied by MEAA to Chrysler are capable of making a Digital Audio Copied Recording, and denies that the various purposes of the recording function of those systems are "minor or incidental."

34.     MEAA lacks knowledge and information sufficient to form a belief in the truth of the allegations Paragraph 34.

35.     MEAA denies the allegations of Paragraph 35.  MEAA specifically denies that the automotive entertainment systems supplied by MEAA to Chrysler are capable of making

Digital Audio Copied Recordings and that making of Digital Audio Copied Recordings is the "primary purpose" of the recording function of such systems.

36.     MEAA lacks knowledge and information sufficient to form a belief in the truth of the allegations of this paragraph inasmuch as MEAA does not market to the public the automotive entertainment systems that it supplies to Chrysler. MEAA lacks knowledge and information sufficient to form a belief in the truth of the allegations in the second sentence of Paragraph 36 inasmuch as it concerns products not supplied by MEAA. MEAA denies the remaining allegations in Paragraph 36, and specifically denies that the automotive entertainment systems supplied by MEAA to Chrysler are capable of making Digital Audio Copied Recordings.

37.     MEAA denies that the automotive entertainment systems supplied by MEAA to Chrysler are capable of making Digital Audio Copied Recordings. MEAA lacks knowledge and information sufficient to form a belief in the truth of the remaining allegations of Paragraph 37.

38.     MEAA denies the allegations of Paragraph 38 as they relate to MEAA.

39.     MEAA admits that it supplies Chrysler in the United States with certain automotive entertainment systems but otherwise denies the allegations of Paragraph 39.

40.     MEAA admits that it has not filed any notices or statements of account with the Register of Copyrights pursuant to the AHRA, but denies that it has any obligation to do so under the AHRA.

41.     MEAA admits that it has not deposited any royalty payments with the Register of Copyrights, but denies that it has any obligation to do so under the AHRA.

42.     MEAA lacks knowledge or information sufficient to respond to the allegations in the first sentence of Paragraph 42 concerning "the SCMS or its functional equivalent," inasmuch

as such terms are not defined by the AHRA; and any requirement to comply with such vague and undefined terms is unenforceable and violates constitutional guarantees of due process. The second sentence of Paragraph 42 inaccurately implies that the AHRA imposes certain legal requirements on the automotive entertainment systems that MEAA supplies to Chrysler, and is denied.  MEAA further denies the allegations of the second sentence because the MEAA-supplied systems do prevent copying of certain sound recordings recorded on a CD-R that is a Digital Audio Recording Medium. MEAA lacks knowledge or information sufficient to respond to the allegations in third sentence of Paragraph 42 in that the term "copyright status" is not defined either in the AHRA or the Complaint, but denies that the AHRA applies to the automotive entertainment systems it supplies to Chrysler or requires such systems to record any information on the hard disk drive.  MEAA denies all remaining allegations of Paragraph 42.

43.     MEAA repeats and incorporates by reference its responses to Paragraphs 1-42 above as if set forth fully herein.

44.     MEAA admits that AARC purports to bring this action on behalf of itself and a putative class. MEAA lacks knowledge or information sufficient to respond to the remaining allegations of Paragraph 44.

45.     MEAA lacks knowledge or information sufficient to respond to the allegations of Paragraph 45.

46.     Paragraph 46 merely seeks to characterize AARC's claims regarding a putative class pursuant to 17 U.S.C. § 1001(7), and therefore no response is required.  To the extent a response is deemed necessary, MEAA lacks knowledge and information sufficient to form a belief in the truth of the allegations of commonality of questions of law or fact.  To the extent that any of these questions implies that AARC's Complaint has any legal merit or that MEAA

has any obligations under the AHRA or that MEAA has in any way violated the MEAA, MEAA denies the allegations of Paragraph 46.

47.      Paragraph 47 merely seeks to characterize and assert legal conclusions regarding AARC's claims regarding a putative class and regarding Plaintiff, and therefore no response is required.  To the extent a response is deemed necessary, MEAA lacks knowledge and information sufficient to form a belief in the truth of the allegations of Paragraph 47.

48.      Paragraph 48 merely seeks to characterize and assert legal conclusions regarding AARC's claims regarding a putative class and regarding Plaintiff, and therefore no response is required.  To the extent a response is deemed necessary, MEAA lacks knowledge and information sufficient to form a belief in the truth of the allegations of Paragraph 48.

49.      Paragraph 49 merely states conclusions of law and characterizations regarding the AHRA to which no response is required. To the extent a response is deemed necessary, MEAA denies the allegations of Paragraph 49.

50.      Paragraph 50 merely states conclusions of law to which no response is required. To the extent a response is deemed necessary, MEAA denies the allegations of Paragraph 50.

51.      To the extent that Paragraph 51 merely states conclusions of law, no response is required. To the extent a response is deemed necessary, MEAA denies the allegations of Paragraph 51.

## COUNT I

### (Requesting Injunctive Relief for Alleged Violation of 17 U.S.C. § 1003(a))

52.      MEAA repeats and incorporates by reference its responses to Paragraphs 1-51 above as if set forth fully herein.

53.      MEAA denies the allegations in Paragraph 53.

54.     MEAA denies the allegations in Paragraph 54.

55.     MEAA denies the allegations in Paragraph 55

56.     MEAA admits that AARC purports to seek a permanent injunction under Count I, but denies that MEAA has engaged in any conduct that violates 17 U.S.C. § 1003(a) or that AARC is entitled to injunctive relief.

## COUNT II
### (Requesting Damages for Alleged Violation of 17 U.S.C. § 1003(a))

57.     MEAA repeats and incorporates by reference its responses to Paragraphs 1-56 above as if set forth fully herein.

58.     MEAA denies the allegations in Paragraph 58.

59.     MEAA denies the allegations in Paragraph 59.

60.     MEAA denies the allegations in Paragraph 60.

61.     MEAA admits that AARC purports to seek damages pursuant to 17 U.S.C. § 1009(c)(2) and (d)(1)(A) but denies that MEAA has engaged in any conduct that violates § 1003(a) or that AARC is entitled to any damages whatsoever from MEAA.

## COUNT III
### (Requesting Injunctive Relief for Alleged Violation of 17 U.S.C. § 1002(a))

62.     MEAA repeats and incorporates by reference its responses to Paragraphs 1-61 above as if set forth fully herein.

63.     MEAA denies the allegations in Paragraph 63. MEAA denies that the automotive entertainment systems it supplies to Chrysler are DARDs. Inasmuch as the terms "SCMS" or the "same functional characteristics as SCMS" are not defined by the AHRA, and inasmuch as the Secretary of Commerce has never prescribed any certification process under 17 U.S.C.

§ 1002(a)(3) and 1002(b), such terms are vague and unenforceable and any attempt to enforce

such terms against MEAA would violate constitutional guarantees of due process.

64.    MEAA admits that the Complaint purports to seek a permanent injunction under

Count III, but denies that MEAA has engaged in any conduct that violates 17 U.S.C. § 1002(a)

or that AARC is entitled to injunctive relief.

### COUNT IV
### (Requesting Damages for Alleged Violation of 17 U.S.C. § 1002(a))

65.    MEAA repeats and incorporates by reference its responses to Paragraphs 1-64

above as if set forth fully herein.

66.    MEAA denies the allegations in Paragraph 66.  MEAA denies that the automotive

entertainment systems it supplies to Chrysler are DARDs. Inasmuch as the terms "SCMS" or the

"same functional characteristics as SCMS" are not defined by the AHRA, and inasmuch as the

Secretary of Commerce has never prescribed any certification process under 17 U.S.C.

§ 1002(a)(3) and 1002(b), such terms are vague and unenforceable and any attempt to enforce

such terms against MEAA would violate constitutional guarantees of due process.

67.    MEAA admits that the Complaint purports to seek damages pursuant to 17 U.S.C.

§ 1009(c)(2) and (d)(1)(B)(i) but denies that MEAA has engaged in any conduct that violates

§ 1002(a) or that AARC is entitled to any damages whatsoever from MEAA.

### COUNT V

### (Requesting Declaratory Relief of Alleged Violation of 17 U.S.C. §§ 1002(a) and 2003(a))

68.    MEAA repeats and incorporates by reference its responses to Paragraphs 1-67

above as if set forth fully herein.

69.    MEAA denies the allegations in Paragraph 69.

14

70.     MEAA admits that the Complaint purports to seek declaratory relief with respect to MEAA, but denies that MEAA has engaged in any of conduct alleged in Paragraph 70 and subparts (a)-(g) and, therefore, that AARC is entitled to any declaratory relief with respect to MEAA.

The remainder of AARC's Complaint is a Prayer for Relief and demand for jury trial, as to which no response is required. To the extent that these paragraphs may be deemed to include allegations that imply any factual or legal basis upon which to seek such relief, MEAA denies each such allegation.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(b) and (c), MEAA asserts the following defenses to AARC's Complaint. By setting forth these affirmative defenses, MEAA does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to AARC. Nothing herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to AARC's allegations. MEAA has not knowingly and intentionally waived any applicable defenses, and it hereby reserves all rights to assert and rely upon other defenses and affirmative defenses that become available as discovery proceeds.

As separate and distinct affirmative defenses, MEAA states as follows:

## FIRST AFFIRMATIVE DEFENSE

AARC's claims are barred because the automotive entertainment systems supplied by MEAA to Chrysler are not "Digital Audio Recording Devices," inasmuch as they are not capable of making a Digital Audio Copied Recording as required by 17 U.S.C. § 1001(3).

## SECOND AFFIRMATIVE DEFENSE

AARC's claims are barred because the automotive entertainment systems supplied by MEAA to Chrysler are not "Digital Audio Recording Devices," inasmuch as the digital recording function of such systems is not "designed or marketed for the primary purpose of . . . making a digital audio copied recording for private use," as required by 17 U.S.C. § 1001(3).

## THIRD AFFIRMATIVE DEFENSE

AARC's claims are barred, in whole or in part, because the prohibition of Section 1002 of the AHRA on the importation, manufacture, and distribution of DARDs that do not conform to the undefined and vague requirements of Section 1002(a)(1)-(3) is unconstitutional and unenforceable and violates due process.  More specifically, Section 1002 of the AHRA is unconstitutionally vague and unenforceable because (1) the AHRA does not define SCMS; and (2) the Secretary of Commerce has never established a procedure under Section 1002(b) to verify a system that conforms to Section 1002(a)(2) of the AHRA. The AHRA therefore fails to prescribe any means by which MEAA could comply with the purported obligations of Section 1002.  Accordingly, Section 1002 of the AHRA lacks any constitutionally or statutorily enforceable standard, and the imposition of liability on MEAA for any alleged violation of Section 1002 of the AHRA would violate due process.

## FOURTH AFFIRMATIVE DEFENSE

AARC's Complaint fails to state a claim upon which relief may be granted against MEAA.

## FIFTH AFFIRMATIVE DEFENSE

AARC's claims are barred, in whole or in part, by the statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

AARC's claims are barred, in whole or in part, to the extent they seek to impose liability on MEAA for devices not supplied to Chrysler by MEAA.

## SEVENTH AFFIRMATIVE DEFENSE

AARC's claims are barred, in whole or in part, by the equitable doctrine of laches because AARC unreasonably delayed in the enforcement of its rights, if any, despite its allegation that Chrysler's conduct began at least in 2007.

## EIGHTH AFFIRMATIVE DEFENSE

AARC's claims are barred, in whole or in part, by the equitable doctrines of waiver, acquiescence, and estoppel because AARC's conduct implied consent to MEAA's alleged actions that form the basis of AARC's claims and allegations in its Complaint.

## NINTH AFFIRMATIVE DEFENSE

AARC's claims are barred, in whole or in part, because it and the putative class would be unjustly enriched if they were permitted to obtain any recovery in this action.

## JURY TRIAL DEMANDED

MEAA requests that all triable issues in the case be tried before a jury.

17

Dated:  February 23, 2015                    Respectfully submitted,


                                             */s/  Seth D. Greenstein*
                                             _____
                                             Seth D. Greenstein (D.C. Bar No. 416733)
                                             David D. Golden (D.C. Bar No. 985047)
                                             Robert S. Schwartz (D.C. Bar No. 283713)
                                             CONSTANTINE CANNON, LLP
                                             1001 Pennsylvania Avenue, NW
                                             Suite 1300N
                                             Washington, DC 20004
                                             Phone: 202-204-3514
                                             Facsimile: 202-204-3501
                                             sgreenstein@constantinecannon.com
                                             dgolden@constantinecannon.com
                                             rschwartz@constantinecannon.com

                                             *Attorneys for Mitsubishi Electric Automotive*
                                             *America, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 23rd day of February, 2015.  Any other counsel of record will be served by first class mail.

*/s/ David D. Golden*
David D. Golden