## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALLIANCE OF ARTISTS AND RECORDING COMPANIES, INC., on behalf of itself and all others similarly situated, | ) ) ) ) ) | |
| Plaintiff, | ) ) | No. 1:14-cv-01271-KBJ |
| v. | ) ) | |
| GENERAL MOTORS LLC, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

## DEFENDANT FORD MOTOR COMPANY'S ANSWER TO
## PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant Ford Motor Company ("Ford"), by and through undersigned counsel, responds to the Class Action Complaint (Dkt. No. 1) filed against it by Plaintiff Alliance of Artists and Recording Companies, Inc. as follows:

### NATURE OF THE CASE

1.    Ford admits that the Complaint purports to seek, on a class basis, damages and an injunction against defendants for alleged violation of the Audio Home Recording Act of 1992, 17 U.S.C. §§ 1001 et seq. ("AHRA"), incorporated within the Copyright Law of the United States, 17 U.S.C. §§ 101 et seq.  Ford further admits that the AHRA regulates the manufacture, importation and distribution of statutorily-defined "digital audio recording devices" ("DARDs"). The remaining allegations in Paragraph 1 are legal conclusions to which no response is required and, therefore, Ford denies the same.

2.    With respect to the allegations in the first sentence of Paragraph 2, Ford admits that it is a company that manufactures, imports and distributes automobiles and related products

in the United States every year.  Ford is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in the first sentence and, therefore, denies the same.  The allegations in the second sentence of Paragraph 2 are legal conclusions to which no response is required.  To the extent a response is required, Ford denies those allegations.  Ford denies the remaining allegations in Paragraph 2.

3.      Ford denies the allegations in Paragraph 3.

4.      Ford denies the allegations in Paragraph 4.

## JURISDICTION AND VENUE

5.      The allegations in Paragraph 5 state a legal conclusion to which no response is required.

6.      The allegations in Paragraph 6 state legal conclusions to which no response is required.

7.      The allegations in Paragraph 7 state a legal conclusion to which no response is required.

## PARTIES

8.      Ford lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 and, therefore, denies the same.

9.      Ford lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 and, therefore, denies the same.

10.     Ford lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 and, therefore, denies the same.

11.     Ford admits the allegations in paragraph 11.

12.     Ford lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 and, therefore, denies the same.

## FACTUAL AND LEGAL BACKGROUND

13.     Ford admits that the AHRA was enacted by Congress in 1992.  The remaining allegations in Paragraph 13 state legal conclusions and argument regarding the AHRA and its legislative history to which no response is required.  To the extent a response is required, Ford lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 13 and, therefore, denies the same.

14.     The allegations in Paragraph 14 state legal conclusions and argument regarding the AHRA and its legislative history to which no response is required.  To the extent a response is required, Ford lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 and, therefore, denies the same.

15.     The allegations in Paragraph 15 contain legal conclusions and argument regarding the AHRA to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 15 as stated, particularly to the extent they suggest that Ford is an importer, distributor or manufacturer of DARDs or that it otherwise has any obligation to comply with the notice and royalty provisions of 17 U.S.C. § 1003.

16.     The allegations in Paragraph 16 contain legal conclusions and argument regarding the AHRA to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 16 as stated, particularly to the extent they suggest that Ford is an importer, distributor or manufacturer of DARDs or that it otherwise has any obligation to comply with the notice and royalty provisions of 17 U.S.C. § 1003, other than to admit that the quoted sections from the statute are accurate.

17.     The allegations in Paragraph 17 state legal conclusions to which no response is required.  To the extent a response is required, Ford admits that Paragraph 17 quotes a portion of the AHRA but otherwise denies the allegations as stated.

18.     The allegations in Paragraph 18 state a legal conclusion to which no response is required.  To the extent a response is required, Ford admits that Paragraph 18 quotes a portion of the AHRA but otherwise denies the allegations as stated.

19.     The allegations in Paragraph 19 state legal conclusions to which no response is required.  To the extent a response is required, Ford admits that the first and second sentences of Paragraph 19 quote a portion of the AHRA but otherwise denies the allegations as stated.

20.     The allegations in Paragraph 20 state legal conclusions to which no response is required.  To the extent a response is required, Ford admits that Paragraph 20 quotes a portion of the AHRA but otherwise denies the allegations as stated.

21.     Ford denies the allegations in Paragraph 21.

22.     Ford lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 and, therefore, denies the same.

23.     Ford lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 and, therefore, denies the same.

24.     Ford lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 and, therefore, denies the same.

25.     Ford lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 and, therefore, denies the same.

26.     Ford lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 and, therefore, denies the same.

27.     Ford lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 and, therefore, denies the same.

28.     Ford lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 and, therefore, denies the same.

29.     Ford lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 and, therefore, denies the same.

30.     Ford lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 and, therefore, denies the same.

31.     Ford lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 and, therefore, denies the same.

32.     Ford lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 and, therefore, denies the same.

33.     Ford lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 and, therefore, denies the same.

34.     Ford lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 and, therefore, denies the same.

35.     Ford lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 and, therefore, denies the same.

36.     Ford lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 and, therefore, denies the same.

37.     Ford lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 and, therefore, denies the same.

38.    Ford admits that it designs, manufactures, markets, and distributes automotive vehicles in the United States under the Ford and Lincoln brands, and that it operates a manufacturing plant in Chicago, Illinois, where it assembles the Lincoln MKS, Ford Taurus, and Ford Explorer.  Ford denies the remaining allegations in Paragraph 38 as stated.

39.    Ford admits the allegations in the first sentence of Paragraph 39.  Ford lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 39 and, therefore, denies the same.

40.    Ford admits that it has offered, as a feature on certain models of mobile media navigation systems ("Nav Systems") equipped in Ford vehicles, a "Jukebox" feature that enables a user to store compressed versions of songs from certain CDs on the Nav System's hard drive. Ford otherwise denies the allegations in Paragraph 40 as stated.

41.     Ford admits that the Jukebox feature has been made available on Nav Systems installed in certain models of Ford and Lincoln vehicles, including the Ford Escape, Ford Expedition, Ford Flex, Ford Fusion, Ford Mustang, Ford Taurus, Lincoln MKS, Lincoln MKT, Lincoln MKZ, and Lincoln Navigator.  Ford denies the remaining allegations in Paragraph 41 as stated.

42.    Ford admits that the Jukebox feature has been available on Nav Systems installed in certain Ford and Lincoln vehicles since at least the 2011 model year, including the 2011 Lincoln MKS.  Ford otherwise denies the allegations in Paragraph 42 as stated.

43.    Ford denies the allegations in the first sentence of Paragraph 43.  With respect to the allegations in the second sentence of Paragraph 43, Ford admits to the existence of the quotations noted in one of its "owner's manual[s]," but otherwise denies the allegations in the

second sentence of Paragraph 43.  Ford denies the remaining allegations in Paragraph 43 as stated.

44.     Ford denies the allegations in Paragraph 44.

45.     Ford denies the allegations in Paragraph 45.

46.     Ford denies the allegations in the first sentence of Paragraph 46.  The remaining allegations in Paragraph 46 are quotations from "promotional materials" and "press release[s]" that are not identified in or attached to the Complaint.  Because Ford lacks the information necessary to confirm or deny the accuracy of these quotations, Ford denies the remaining allegations in Paragraph 46.

47.     Ford denies the allegations in Paragraph 47.

48.     Ford denies the allegations in Paragraph 48.

49.     Ford admits that Clarion supplied Nav Systems that included a Jukebox feature to Ford in the United States, and that Ford distributed automobiles in the United States with the Nav Systems installed.  Ford otherwise denies the allegations in Paragraph 49 as stated.

50.     Ford denies the allegations in Paragraph 50 as stated, particularly to the extent they suggest that Ford had an obligation to undertake the referenced filings.

51.     Ford denies the allegations in Paragraph 51 as stated, particularly to the extent they suggest that Ford had an obligation to make the referenced payments to the Register of Copyrights.

52.     The allegations in Paragraph 52 state legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations as stated, particularly to the extent that they suggest that the Nav Systems installed in Ford vehicles are required to conform to the SCMS or its functional equivalent or contain any copying controls.

## CLASS ACTION ALLEGATIONS

53.     Ford incorporates by reference its response to Paragraphs 1 through 52 as if fully stated herein.

54.     The allegations in Paragraph 54 state legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 54 except it admits that Plaintiff purports to bring this action on behalf of itself and a putative class.  Ford further denies that class treatment is appropriate.

55.      The allegations in Paragraph 55 state legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 55.

56.     The allegations in Paragraph 56 state legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 56.

57.     The allegations in Paragraph 57 state legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 57.

58.     The allegations in Paragraph 58 state legal conclusions to which no response is required.  To the extent a response is required, Ford lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 58 and, therefore, denies the same.

59.     The allegations in Paragraph 59 state legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 59.

60.     The allegations in Paragraph 60 state legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 60.

61.     The allegations in Paragraph 61 state legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 61 as

they relate to Ford.  Ford lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 as they relate to other defendants and, therefore, denies the same.

**COUNT I**
**INJUNCTIVE RELIEF**
**(17 U.S.C. § 1003(a))**

62.     Ford incorporates by reference its response to Paragraphs 1 through 61 as if fully stated herein.

63.     Ford denies the allegations in Paragraph 63 to the extent they relate to Ford.  Ford lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 63 to the extent they relate to other defendants and, therefore, denies the same.

64.     Ford denies the allegations in Paragraph 64 to the extent they relate to Ford.  Ford lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 64 to the extent they relate to other defendants and, therefore, denies the same.

65.     Ford denies the allegations in Paragraph 65 to the extent they relate to Ford.  Ford lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 65 to the extent they relate to other defendants and, therefore, denies the same.

66.     Ford admits that Plaintiff purports to seek a permanent injunction pursuant to 17 U.S.C. § 1009(c)(1), but otherwise denies the allegations in Paragraph 66.

**COUNT II**
**DAMAGES**
**(17 U.S.C. § 1003(a))**

67.     Ford incorporates by reference its response to Paragraphs 1 through 66 as if fully stated herein.

68.     Ford denies the allegations in Paragraph 68.

69.     Ford denies the allegations in Paragraph 69.

70.     Ford denies the allegations in Paragraph 70.

71.     Ford admits that Plaintiff purports to seek damages pursuant to 17 U.S.C. § 1009(c)(2), but otherwise denies the allegations in Paragraph 71.

**COUNT III**
**INJUNCTIVE RELIEF**
**(17 U.S.C. § 1002(a))**

72.     Ford incorporates by reference its response to Paragraphs 1 through 71 as if fully stated herein.

73.     Ford denies the allegations in Paragraph 73.

74.     Ford admits that Plaintiff purports to seek a permanent injunction pursuant to 17 U.S.C. § 1009(c)(1), but otherwise denies the allegations in Paragraph 74.

**COUNT IV**
**DAMAGES**
**(17 U.S.C. § 1002(a))**

75.     Ford incorporates by reference its response to Paragraphs 1 through 74 as if fully stated herein.

76.     Ford denies the allegations in Paragraph 76.

77.     Ford admits that Plaintiff purports to seek damages pursuant to 17 U.S.C. § 1009(c)(2), but otherwise denies the allegations in Paragraph 77.

## COUNT V
## DECLARATORY RELIEF
### (17 U.S.C. §§ 1002 and 1003)

78.     Ford incorporates by reference its response to Paragraphs 1 through 74 as if fully stated herein.

79.     Ford admits the allegations in Paragraph 79.

80.     Ford admits that Plaintiff purports to seek a declaration pursuant to 28 U.S.C. § 2201, but otherwise denies the allegations in Paragraph 80.

81.     All allegations of the Complaint that have not been expressly admitted, denied, qualified or otherwise responded to are hereby denied, including all allegations concerning damages and other relief.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because each accused device is not a "digital audio recording device" as defined by the AHRA.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and unclean hands.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff and the members of the alleged class would be unjustly enriched if they were permitted to obtain any recovery in this action.

## Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, on the ground that certain provisions of the AHRA are unconstitutionally vague and violate due process.

## Seventh Affirmative Defense

Plaintiff's claims against Ford are barred, in whole or in part, on the ground that Plaintiff's injuries were caused by the acts or omissions of other parties.

Dated:    March 31, 2016                    Respectfully submitted,


                                            /s/ Ellen S. Kennedy
                                            Ellen S. Kennedy (D.C. Bar No. 461670)
                                            *ellen.kennedy@hoganlovells.com*
                                            E. Desmond Hogan (D.C. Bar No. 458044)
                                            *desmond.hogan@hoganlovells.com*
                                            Ryan Lee Ford (D.C. Bar No. 1004141)
                                            *ryan.ford@hoganlovells.com*
                                            HOGAN LOVELLS US LLP
                                            555 Thirteenth Street, NW
                                            Washington, DC 20004
                                            Tel: (202) 637-5600

                                            Attorneys for Defendant Ford Motor Company

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 31, 2016, I caused the foregoing Answer to the Class

Action Complaint to be electronically filed using the CM/ECF system, which will send

notification of the filing to the following counsel of record:

Annette L. Hurst
ORRICK, HERRTINGTON & SUTCLIFFE,
LLP
405 Howard Street
San Francisco, CA  94105-2669
Phone:  (415) 773-5700
Email:  ahurst@orrick.com

Van H. Beckwith
Paul J. Reilly
BAKER & BOTTS, L.L.P.
2001 Ross Avenue, Suite 600
Dallas, TX 75201
Telephone:  (214) 953-6849
Facsimile:   (214) 661-4505
Email: van.beckwith@bakerbotts.com

James M. Burger
THOMPSON COBURN LLP
1909 K Street, N.W. Suite 600
Washington, D.C. 20006-1167
Telephone: (202) 585-6909
Facsimile:  (202) 318-8809
Email: jburger@thomponscoburn.com

Joshua Hersh Packman
BAKER BOTTS, LLP
The Warner Building
1299 Pennsylvania Avenue, NW, Suite 1300
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 585-1053
Email: Joshua.Packman@bakerbotts.com

Steven John Routh
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8509
Facsimile:   (202) 339-8500
Email: srouth@orrick.com

David D. Golden
Robert S. Schwartz
Seth D. Greenstein
CONSTANTINE CANNON, LLP
1001 Pennsylvania Avenue, NW Suite 1300N
Washington, DC 20004
Telephone: (202) 204-3500
Email: dgolden@constantinecannon.com
Email: rschwartz@constantinecannon.com
Email: sgreenstein@constantinecannon.com

Megan Sunkel Woodworth
VENABLE LLP
575 7th Street, NW
Washington, DC 20004
Telephone: (202) 344-8300
Facsimile: (202) 344-8300
Email: mswoodworth@venable.com

Ellen S. Kennedy
Ryan Lee Ford
E. Desmond Hogan
HOGAN LOVELLS US LLP
Columbia Square
555 13th Street, NW
Washington, DC  20004-1109
Telephone:  (202) 637-5600
Facsimile:  (202) 637-5910
Email:  ellen.kennedy@hoganlovells.com
Email:  ryan.ford@hoganlovells.com
Email:  desmond.hogan@hoganlovells.com

Richard B. Dagen
Daniel K. Oakes
AXINN, VELTROP & HARKRIDER LLP
950 F Street, NW
Washington, DC  20004
Telephone:  (202) 912-4700
Facsimile:  (202) 912-4701
Email:  rdagen@axinn.com
Email:  doakes@axinn.com

Russell M. Steinthal
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street, 22nd Floor
New York, NY 10036
Telephone:  (212) 728-2207
Facsimile:  (212) 728-2201
Email:  rsteinthal@axinn.com

*/s/ Ellen S. Kennedy*
Ellen S. Kennedy