**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                          )
**ALLIANCE OF ARTISTS AND**               )
**RECORDING COMPANIES, INC.**,            )
                                          )
          Plaintiff,                      )
                                          )
v.                                        )          Case No. 14-cv-1271 (KBJ)
                                          )
**GENERAL MOTORS COMPANY, et al.**,       )
                                          )
          Defendants.                     )
_____)

**CLARION CORPORATION OF AMERICA'S ANSWER TO PLAINTIFF'S CLASS**
**ACTION COMPLAINT**

Defendant Clarion Corporation of America ("Clarion" or "Defendant") hereby answers

Plaintiff Alliance of Artists and Recording Companies, Inc.'s ("AARC" or "Plaintiff") Class

Action Complaint ("Complaint") as follows:

**NATURE OF THE CASE**

1.     Defendant admits only that the Complaint purports to seek, on a class basis,

damages and an injunction against Defendant for alleged violations of the Audio Home

Recording Act of 1992, 17 U.S.C. §§ 1001 et seq. ("AHRA"), incorporated within the Copyright

Law of the United States, 17 U.S.C. §§ 101 et seq.  The remainder of the paragraph consists of

Plaintiffs' characterization of that Act and Congress' intent in enacting it.  As such, no response

is required.  To the extent that a response may be required, however, Defendant lacks knowledge

or information sufficient to form a belief about the truth of the remaining allegations in

Paragraph 1 of the Complaint and, on that basis, denies the allegations.

2.      Defendant admits only that Clarion is a company that manufactures, imports, and distributes products in the United States every year.  Defendant denies the remaining allegations in Paragraph 2 of the Complaint as they relate to Clarion.   Paragraph 2 also contains legal conclusions to which no response is required, including in the second and third sentences.  To the extent that a response is required, Defendant also denies such statements as they relate to Clarion.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 2 of the Complaint and, on that basis, denies the allegations.

3.      Defendant denies the allegations contained in Paragraph 3 of the Complaint insofar as they pertain to Clarion.  Paragraph 3 also contains legal conclusions to which no response is required.  To the extent that a response is required, Defendant also denies such statements as pertain to Clarion.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 of the Complaint and, on that basis, denies the allegations.

4.      Defendant denies (i) that Clarion manufactures, imports, and/or distributes devices that fall with the scope of the AHRA and (ii) that it is obligated to comply with any of requirements set out in the AHRA.  Paragraph 4 also contains legal conclusions to which no response is required.  To the extent that a response is required, Defendant also denies such statements as they relate to Clarion.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 of the Complaint and, on that basis, denies the allegations.

**JURISDICTION AND VENUE**

5.     Defendant admits only that this Court has jurisdiction over Plaintiff's purported claims under 28 U.S.C. §§ 1331 and 1338 (a).  Defendant denies any and all remaining allegations in Paragraph 5 of the Complaint insofar as they relate to Clarion.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 of the Complaint and, on that basis, denies the allegations.

6.     Defendant admits only that this Court has personal jurisdiction over Clarion and that it has conducted business in the District of Columbia.  Defendant otherwise denies any and all remaining allegations of Paragraph 6 insofar as they relate to Clarion.  Paragraph 6 also contains conclusions of law to which no answer is required.  To the extent that a response may be required, Defendant denies such statements.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Complaint and, on that basis, denies the allegations.

7.     Defendant admits only that venue is proper in this District under 28 U.S.C. § 1391(b).  Defendant denies any and all remaining allegations in paragraph 7 of the Complaint as they relate to Clarion.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint and, on that basis, denies the allegations.

## PARTIES

8.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and, on that basis, denies the allegations. Paragraph 8 also contains legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies such statements.

9.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint.

10.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint.

11.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint.

12.     Defendant admits the allegations of Paragraph 12 of the Complaint.

## FACTUAL AND LEGAL BACKGROUND

**Requirements of the Audio Home Recording Act of 1992**

13.     Defendant admits only that the AHRA was enacted by Congress in 1992 and that it represents a compromise between the music industry and high-tech industry.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 of the Complaint and, on that basis, denies the allegations.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, on that basis, denies the allegations.

15.     Paragraph 15 of the Complaint contains legal conclusions to which no response is required.  To the extent a response may be required, Defendant objects to and denies any characterization or statement in Paragraph 15 that is inconsistent with the AHRA.  Defendant further denies (1) that Clarion imports, distributes, or manufactures "digital audio recording devices" ("DARD") and (2) that it has any obligation to comply with the notice and royalty provisions of the AHRA, including under 17 U.S.C. § 1003.  Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 of the Complaint and, on that basis, denies the allegations.

16.     Paragraph 16 of the Complaint contains legal conclusions to which no response is required.  To the extent a response may be required, Defendant objects to and denies any characterization or statement in Paragraph 16 that is inconsistent with the AHRA.   Further, Defendant denies Plaintiff's characterization of the "Serial Copy Management System" ("SCMS")  insofar as that term is not defined in the ARHA, and no Secretary of Commerce has ever set a procedure or certified a system for compliance with §1002 of the AHRA.  Defendant denies that it imports, distributes, or manufactures DARDs or that Defendant otherwise has any obligation to comply with the provisions of 17 U.S.C. § 1002.  Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 16 of the Complaint and, on that basis, denies the allegations.

17.     Paragraph 17 of the Complaint contains legal conclusions to which no response is required.  To the extent a response may be required, Defendant objects to and denies the allegations in Paragraph 17, including insofar as any characterization or statement is inconsistent with the AHRA, and admits only that 17 U.S.C. § 1001(3) supplies the definition for a DARD. Defendant denies (1) that it imports, distributes, or manufactures DARDs, and (2) that it has any obligation to comply with the provisions of the AHRA.

18.     Paragraph 18 of the Complaint contains legal conclusions to which no response is required.  To the extent a response may be required, Defendant objects to and denies the allegations in Paragraph 18, including insofar as any characterization or statement is inconsistent with the AHRA, and admits only that 17 U.S.C. § 1001(1) supplies the definition for a "digital audio copied recording" ("DACR").   Defendant denies (1) that it imports, distributes, or

manufactures DARDs, and (2) that it has any obligation to comply with the provisions of the AHRA.

19.     Paragraph 19 of the Complaint contains legal conclusions to which no response is required.  To the extent a response may be required, Defendant objects to and denies the allegations in Paragraph 19, including insofar as any characterization or statement is inconsistent with the AHRA, and admits only that 17 U.S.C. § 1001(5) supplies the definition for a "digital musical recording" ("DMR").    Defendant further denies (1) that it imports, distributes, or manufactures DARDs, and (2) that it has any obligation to comply with the provisions of the AHRA.  Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 19 of the Complaint and, on that basis, denies the allegations.

20.     Paragraph 20 of the Complaint contains legal conclusions to which no response is required.  To the extent a response may be required, Defendant objects to and denies the allegations in Paragraph 20, including insofar as any characterization or statement is inconsistent with the AHRA, and admits only that that 17 U.S.C. § 1009(a) states that "any interested copyright party injured by a violation of section 1002 or 1003 may bring a civil action" and that 17 U.S.C. § 1009(e) state that "[a]ny award of damages under subsection (d) shall be deposited with the Register pursuant to section 1005 for distribution to interested copyright parties as though such funds were royalty payments made pursuant to section 1003."  Defendant denies any remaining allegations in Paragraph 20.

21.     Defendant denies the allegations in Paragraph 21 of the Complaint insofar as they relate to Clarion.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 of the Complaint and, on that basis, denies the allegations.

**General Motors and DENSO**

22.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and, on that basis, denies the allegations.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and, on that basis, denies the allegations.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and, on that basis, denies the allegations.

25.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and, on that basis, denies the allegations.

26.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and, on that basis, denies the allegations.

27.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and, on that basis, denies the allegations.

28.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and, on that basis, denies the allegations.

29.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and, on that basis, denies the allegations.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and, on that basis, denies the allegations.

31.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and, on that basis, denies the allegations.

32.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint and, on that basis, denies the allegations.

33.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint and, on that basis, denies the allegations.

34.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and, on that basis, denies the allegations.

35.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and, on that basis, denies the allegations.

36.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and, on that basis, denies the allegations.

37.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and, on that basis, denies the allegations.

**Ford and Clarion**

38.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint.

39.      Defendant admits only that Clarion supplies devices that are installed in and distributed with certain models of Ford's vehicles.  Defendant admits, on  information and belief, that Ford sells vehicles in the District of Columbia installed with such Clarion-supplied devices and that such Ford vehicles are used in the District of Columbia.  Defendant otherwise denies any remaining allegations in Paragraph 39.

40.     Defendant admits only that the "Jukebox" is a feature of certain models of mobile media navigation systems ("Nav Systems"), which include hard drives with an operating system, computer software programs, applications and other data or materials, equipped in Ford vehicles.  Defendant admits that the Jukebox feature enables the user to store songs from CDs to the Nav System's hard drive.  Defendant otherwise denies any remaining allegations in Paragraph 40.

41.     Defendant admits only that the Jukebox is a feature of the Nav System available on certain models of Ford Vehicles, including the Ford Escape, Ford Expedition, Ford Flex, Ford Fusion, Ford Mustang, Ford Taurus, Lincoln MKS, Lincoln MKT, Lincoln MKZ, and Lincoln Navigator.  To the extent Plaintiff's Complaint characterizes the Jukebox as a separate device

rather than as a feature of the Nav System, Defendant denies any such characterization, statement, or inference.  Defendant otherwise denies any remaining allegations in Paragraph 41.

42.     Defendant admits that the Jukebox feature has been available on Nav Systems installed in certain Ford and Lincoln vehicles since at least the 2011 model year, including 2011 Lincoln MKS vehicles.  To the extent Plaintiff's Complaint characterizes the Jukebox as a separate device rather than as a feature of the Nav System, Defendant denies any such characterization, statement, or inference.  Defendant otherwise denies any remaining allegations of Paragraph 42.

43.     Defendant denies the allegations in the first sentence of Paragraph 43 of the Complaint, including that the Defendant's Nav Systems are capable of making a DACR as that term is defined in the AHRA.  To the extent Plaintiff characterizes the Jukebox as a separate device rather than as a feature of the Nav System in Paragraph 43 of the Complaint, Defendant denies any such characterization, statement or inference.  Defendant admits only that manuals for the Nav System describe certain of the Nav System's many features, including the Jukebox feature, as well as other information.  Defendant admits only that the Jukebox feature enables the user to store songs from a music CD to the Nav System's hard drive for later access.  Defendant further admits only that the Nav System's hard drive includes a database that, depending upon the CD or song, identifies the album name, artist name, song title, and genre for each song stored on the hard drive, as well as an operating system, computer software programs, applications and other data or materials.  Defendant otherwise denies any remaining allegations in Paragraph 43.

44.     Defendant denies the allegations in Paragraph 44 of the Complaint.  To the extent Plaintiff characterizes the Jukebox as a separate device rather than as a feature of the Nav System

in Paragraph 44 of the Complaint, Defendant further denies any such characterization, statement, or inference.

45.     Defendant denies the allegations in Paragraph 45 of the Complaint.   To the extent Plaintiff characterizes the Jukebox as a separate device rather than as a feature of the Nav System in Paragraph 45 of the Complaint, Defendant also denies any such characterization, statement, or inference.   Defendant further denies that the Nav System is capable of making a DACR as that term is defined in the AHRA.

46.     Defendant denies the allegations in the first sentence of Paragraph 46 of the Complaint.   To the extent Plaintiff characterizes the Jukebox as a separate device rather than as a feature of the Nav System in Paragraph 46 of the Complaint, Defendant denies any such characterization, statement, or inference.   Defendant also denies that the Nav System is capable of creating a DACR as that term is defined in the AHRA.   Defendant further denies that the Nav System is marketed as having that capability.   Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 46 of the Complaint, in part because the sources of the reference quotations are not specified, and on that basis denies them.

47.     Defendant denies the allegations in Paragraph 47 of the Complaint.   To the extent Plaintiff characterizes the Jukebox as a separate device rather than as a feature of the Nav System, Defendant denies any such characterization, statement, or inference.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 of the Complaint and, on that basis, denies the allegations.

48.     Defendant denies the allegations in Paragraph 48 of the Complaint.   To the extent Plaintiff characterizes the Jukebox as a separate device rather than as a feature of the Nav System

in Paragraph 48 of the Complaint, Defendant denies any such characterization, statement, or inference.

49.     To the extent Plaintiff characterizes the Jukebox as a separate device rather than as a feature of the Nav System in Paragraph 49 of the Complaint, Defendant denies any such characterization, statement, or inference.  Defendant admits that it manufactures, imports, and/or distributes the Nav Systems in the United States for installation into certain Ford vehicles sold in the United States.  Defendant denies the remaining allegations in paragraph 49 of the Complaint as they relate to Clarion.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49 of the Complaint and, on that basis, denies the allegations.

50.     Defendant admits only that it has not filed any notices or statements of account with the Register of Copyrights pursuant to the AHRA, but denies that it has any obligation to do so under the AHRA or otherwise.  Defendant denies any remaining allegations in Paragraph 50 of the Complaint as they relate to Clarion.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50 of the Complaint and, on that basis, denies the allegations.

51.     Defendant admits only that it has not paid to the Register of Copyrights any royalties pursuant to the AHRA, but denies that it has any obligation to do so under the AHRA or otherwise.  Defendant denies any remaining allegations in paragraph 51 of the Complaint as they relate to Clarion.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51 of the Complaint and, on that basis, denies the allegations.

52.     Paragraph 52 of the Complaint contains legal conclusions to which no response is required.   To the extent a response may be necessary, Defendant denies Plaintiff's characterization of SCMS insofar as that term is not defined in the ARHA, and no Secretary of Commerce has ever set a procedure or certified a system for compliance with §1002.   Defendant denies that its Nav System is a DARD as that term is defined in the AHRA, such that Defendant would be under any obligation (1) to conform the Nav System to SCMS or is functional equivalent or (2) to record the copyright status of any music stored on the Nav System's hard drive.   To the extent Plaintiff characterizes the Jukebox as a separate device rather than as a feature of the Nav System in Paragraph 52 of the Complaint, Defendant denies any such characterization, statement, or inference.   Defendant denies the remaining allegations in Paragraph 52 of the Complaint.

## CLASS ACTION ALLEGATIONS

53.     Defendant realleges and incorporates by reference the above responses to Paragraphs 1 through 52 of the Complaint as though fully stated herein.

54.     Defendant denies the allegations contained in Paragraph 54 of the Complaint, except it admits that AARC purports to bring this action on behalf of itself and a putative class. Defendant further denies that class treatment is appropriate.

55.     Defendant denies the allegations contained in Paragraph 55 of the Complaint, except it admits that AARC purports to bring this action on behalf of itself and a putative class. Defendant further denies that class treatment is appropriate.

56.     Defendant denies the allegations contained in Paragraph 56 of the Complaint. Defendant further denies that class treatment is appropriate and that questions of law and fact are common to the putative class.

57.     Defendant denies the allegations contained in Paragraph 57 of the Complaint. Defendant further denies that class treatment is appropriate.

58.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and, on that basis, denies the allegations.  Defendant further denies that class treatment is appropriate.

59.     Defendant denies the allegations contained in Paragraph 59 of the Complaint. Defendant further denies that class treatment is appropriate.

60.     Defendant denies the allegations contained in Paragraph 60 of the Complaint. Defendant further denies that class treatment is appropriate.

61.     Defendant denies the allegations contained in Paragraph 61 of the Complaint. Defendant further denies that class treatment is appropriate.

**COUNT I**
**INJUNCTIVE RELIEF**
**(Alleged Violation of 17 U.S.C. § 1003(a))**

62.     Defendant realleges and incorporates by reference the above responses in Paragraphs 1 through 61 as though fully stated herein.

63.     Defendant denies the allegations in Paragraph 63 of the Complaint to the extent they relate to Clarion. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63 of the Complaint and, on that basis, denies them.

64.     Defendant denies the allegations in Paragraph 64 of the Complaint to the extent they relate to Clarion. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 64 of the Complaint and, on that basis, denies them.

65.     Defendant denies the allegations in Paragraph 65 of the Complaint to the extent they relate to Clarion. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 65 of the Complaint and, on that basis, denies them.

66.     Defendant admits only that the Complaint purports to seek a permanent injunction enjoining Defendant, Ford, General Motors, and Denso.   Defendant otherwise denies the allegations in Paragraph 66 of the Complaint as they relate to Clarion and further denies that Plaintiff is entitled to any such relief with respect to Clarion.   Defendant denies that it manufacturers, imports, or distributes DARDs or otherwise has any obligations or liability under the AHRA.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66 of the Complaint and, on that basis, denies them.

## COUNT II
## DAMAGES
### (Alleged Violation of 17 U.S.C. § 1003(a))

67.     Defendant realleges and incorporates by references the above responses in Paragraphs 1 through 66 as though fully stated herein.

68.     Defendant denies the allegations in Paragraph 68 of the Complaint to the extent they relate to Clarion.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68 of the Complaint and, on that basis, denies them.

69.     Defendant denies the allegations in Paragraph 69 of the Complaint to the extent they relate to Clarion.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 69 of the Complaint and, on that basis, denies them.

70.     Defendant denies the allegations in Paragraph 70 of the Complaint to the extent they relate to Clarion.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70 of the Complaint and, on that basis, denies them.

71.     Defendant admits only that the Complaint purports to seek damages pursuant to 17 U.S.C. § 1009(c)(2) during the three years immediately prior to the filing of the Complaint and thereafter. Defendant denies that Plaintiff is entitled to any such relief with respect to Clarion.  Defendant further denies that it has any obligation or liability under the AHRA. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 71 of the Complaint and, on that basis, denies them.

**COUNT III**
**INJUNCTIVE RELIEF**
**(Alleged Violation of 17 U.S.C. § 1002(a))**

72.     Defendant realleges and incorporates by reference the above responses to Paragraphs 1 through 71 as though fully stated herein.

73.     Defendant denies the allegations in Paragraph 73 of the Complaint to the extent they relate to Clarion.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73 of the Complaint and, on that basis, denies them.

74.     Defendant admits only that the Complaint purports to seek a permanent injunction enjoining Defendant, Ford, General Motors, and Denso.  Defendant otherwise denies the allegations in Paragraph 74 of the Complaint as they relate to Clarion and further denies that Plaintiff is entitled to any such relief with respect to Clarion.  Defendant denies that it manufactures, imports or distributes DARDs or that it otherwise has any obligation or liability under the AHRA.  Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in Paragraph 74 of the Complaint and, on that basis, denies them.

**COUNT IV**
**DAMAGES**
**(Alleged Violation of 17 U.S.C. § 1001(a))**

75.     Defendant realleges and incorporates by reference the above responses to Paragraphs 1 through 74 as though fully stated herein.

76.     Defendant denies the allegations in Paragraph 76 of the Complaint to the extent they relate to Clarion. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76 of the Complaint and, on that basis, denies them.

77.     Defendant admits that the Complaint purports to seek damages pursuant to 17 U.S.C. §§ 1009(c)(2) and (d)(1)(B)(i).  Defendant otherwise denies the allegations in Paragraph 77 of the Complaint as they relate to Clarion and further denies that Plaintiff is entitled to any such relief.  Defendant further denies that it has any obligations or liability under the AHRA. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 77 of the Complaint and, on that basis, denies them.

**COUNT V**
**DECLARATORY RELIEF**
**(Alleged Violation of 17 U.S.C. §§ 1002 and 1003)**

78.     Defendant realleges and incorporates by reference the above responses to Paragraphs 1 through 77 as though fully stated herein.

79.     Defendant denies the allegations in Paragraph 79.

80.     Defendant admits only that the Complaint purports to seek a judicial declaration against Defendant, Ford, General Motors, and Denso.  Defendant otherwise denies the allegations in Paragraph 80 of the Complaint as it relates to Clarion and further denies that

AARC is entitled to any such declaratory relief against Clarion, that Defendant has violated the AHRA, or otherwise has any liability for any action or event alleged in the Complaint. Defendant denies the remaining allegations of Paragraph 80(a)–(g) of the Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 80 of the Complaint and, on that basis, denies them.

## PRAYER FOR RELIEF

Defendant denies that AARC is entitled to any relief requested in the Complaint, or to any relief in any form whatsoever from Defendant or any of its parents, subsidiaries, or affiliates.

## GENERAL DENIAL

Defendant further denies each and every allegation in the Complaint to which it has not specifically responded. Further, the AARC's request for relief should be denied in its entirety and the Complaint dismissed.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses without regard to whether they are "affirmative" or otherwise. Defendant reserves all further defenses that may now or in the future exist based upon discovery or further factual investigation.

## FIRST DEFENSE
### (Failure to State a Claim)

1.      The Complaint and each cause of action it contains fail to state facts sufficient to constitute a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Laches)

2.      The doctrine of Laches bars Plaintiff's claims, in that Plaintiff has unreasonably delayed in the enforcement of its rights, if any, despite its full awareness of Defendant's actions.

## THIRD AFFIRMATIVE DEFENSE

**(Acquiescence, Waiver, Estoppel)**

3.      The doctrines of acquiescence, waiver, and estoppel bar Plaintiff's claims, in that Plaintiff's conduct implied consent to Defendant's actions.

**FOURTH AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

4.      The relevant statute of limitations bars Plaintiff's claims whole or in part.

**FIFTH AFFIRMATIVE DEFENSE**
**(Unjust Enrichment)**

5.      Plaintiff and the members of the alleged class would be unjustly enriched if they were permitted to obtain any recovery in this action.

**SIXTH AFFIRMATIVE DEFENSE**
**(Proposed Class Cannot be Certified)**

6.      The proposed class cannot be certified under Federal Rule of Civil Procedure 23 because, inter alia, the proposed class, class representatives, and/or class counsel fail to meet the typicality, commonality, adequacy, superiority and predominance requirements for class actions.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Defendants' Nav System is Not a DARD)**

7.      Each and every cause of action asserted by Plaintiff fails because the Nav System manufactured, marketed, and/or distributed by Defendant is not a DARD as defined under the AHRA.

8.      The AHRA does not apply to computers or hard drives, and Defendant's Nav System is a computer with a hard drive that includes an operating system, computer software programs, applications and other data or materials; therefore, the AHRA does not apply.

9.      The AHRA requires that a DARD be capable of making a DACR, but Defendant's Nav System is incapable of making a DACR because it is a computer with a hard

drive containing an operating system, computer software programs, applications and other data or materials unrelated to playing music and data other than sounds; therefore, the Nav System is not a DARD.

10.     Plaintiff has failed to allege that the Nav System engages in serial copying, the harm against which the AHRA was intended to protect, but rather alleges the Nav System engages in copying that would be considered fair use under the Copyright Act.

## EIGHTH AFFIRMATIVE DEFENSE

### (The AHRA is Unconstitutionally Vague)

11.     Certain provisions of the AHRA are unconstitutionally vague or violate due process in that they fail to give adequate description of the conduct they prescribe.  Specifically, the DARDs are required to comply with (a) the Serial Copy Management System ("SCMS"); (b) a system that is functionally equivalent to and interoperable with SCMS; or (c) any other system certified by the Secretary of Commerce as prohibiting unauthorized serial copying.  As the SCMS is not defined, it is impossible to comply with the statute's requirement that a DARD comply with SCMS or a functionally equivalent or interoperable system.  Further, the Secretary of Commerce has created no process for certifying that any system prohibits unauthorized serial copying.  Thus, the AHRA prescribes a standard with which it is impossible to comply.

## NINTH AFFIRMATIVE DEFENSE

### (Misjoinder of Defendants)

12.     Federal Rule of Civil Procedure 20(a)(2)(A) states that "Persons . . . may be joined in one action as defendants if . . . any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences."  The Plaintiff's claims against GM and Denso arise out

of separate transactions or occurrences from its claims against Clarion.  Thus, the Plaintiff's claims against Clarion should not be joined with any of its claims against GM or Denso.  Further, if the Plaintiff alleges claims against any Ford products that Clarion did not supply, those claims would likewise arise out of separate transactions or occurrences from Plaintiff's claims against Clarion and should not be joined with any claim against Clarion.

**WHEREFORE**, Defendant, Clarion Corporation of America, Inc. and prays that:

1.      the Court dismiss Plaintiff's Complaint in its entirety, with prejudice, and that Plaintiff take nothing by this action or any of its claims asserted herein;

2.      Class certification be denied;

3.      Defendant be awarded its attorneys' fees and costs incurred in connection with this suit; and

4.      Defendant be awarded such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury of all issues triable of right by a jury.

Dated: Mar. 31, 2016                   Respectfully submitted,

/s/ Van Beckwith
Van Beckwith (admitted *pro hac vice*)
Paul J. Reilly (admitted *pro hac vice*)
Baker Botts L.L.P.
2001 Ross Avenue
Dallas, TX 75201-2980
Facsimile:  (214) 661-4505
E-mail:  Van.Beckwith@bakerbotts.com
E-mail:  Paul.Reilly@bakerbotts.com

Joshua Packman (D.C. Bar No. 1015463)
Baker Botts L.L.P.
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2400

Telephone: (202) 639-7726
Facsimile:  (202) 585-1053
E-mail:  Joshua.Packman@bakerbotts.com

*Counsel for Defendant Clarion Corporation of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that a copy was served on the following counsel of record via ECF:

Richard B. Dagen
Daniel K. Oakes
Morris A. Bloom
AXINN, VELTROP & HARKRIDER LLP
950 F Street, NW
Washington, DC 20004
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
rdagen@axinn.com
doakes@axinn.com
mbloom@axinn.com

Annette L. Hurst
Orrick, Herrington & Sutcliffe LLP
405 Howard Street
San Francisco, CA 94105-2669
(415)-773-5700

Steven John Routh
Orrick, Herrington & Sutcliffe LLP
1152 15th Street, NW
Washington, DC 20005
(202) 339-8400
Fax: (202) 339-8500
Email: srouth@orrick.com

James Mitchell Burger
Thompson Coburn LLP
1909 K Street, NW, Suite 600
Washington, DC 20006-1167
Telephone: (202) 585-6909
Facsimile: (202) 318-8809 jburger@thompsoncoburn.com

Andrew P. Bridges
David L. Hayes
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104

Telephone: (415) 875-2300
Facsimile: (415) 281-1350
abridges@fenwick.com
DHayes@fenwick.com

David D. Golden
Seth D. Greenstein
Robert S. Schwartz
CONSTANTINE CANNON, LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 204-3500
Facsimile: (202) 204-3501
dgolden@constantinecannon.com
sgreenstein@constantinecannon.com
rschwartz@constantinecannon.com

Megan S. Woodworth
VENABLE LLP
575 7th Street, NW
Washington, DC 20004
Telephone: (202) 344-4507
Facsimile: (202) 344-8300
MSWoodworth@Venable.com

/s/ Van Beckwith
Van Beckwith

*Counsel for Defendant Clarion Corporation of America*