## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ALLIANCE OF ARTISTS AND RECORDING COMPANIES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 14-cv-1271 (KBJ) |
| GENERAL MOTORS COMPANY, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## ORDER FOR INITIAL SCHEDULING CONFERENCE

In light of the Court's order denying Plaintiff's motion for reconsideration and granting plaintiff's motion for clarification (ECF No. 93), it is hereby **ORDERED** that the Initial Scheduling Conference be set for **October 13, 2016, at 2:30 PM** in Courtroom 17.

In accordance with Rule 16.3(a) of the Local Civil Rules and Federal Rule of Civil Procedure 26(f)(1), counsel shall confer in person or by telephone at least 21 days prior to the date of the Initial Scheduling Conference to discuss with particularity each party's position on the scope of discovery necessary for the case, as well as the matters outlined in Local Civil Rule 16.3(c). In order to better frame their discussion regarding the scope of discovery, prior to the meeting counsel shall exchange Early Rule 34 Requests. *See* Fed. R. Civ. P. 26(d)(2)). Pursuant to Local Civil Rule 16.3(d) and Federal Rule of Civil Procedure 26(f)(2), Counsel shall submit to the Court no later than 14 days following their meeting—*i.e.,* no fewer than 7 days prior to the date of the Initial Scheduling Conference—a joint Report that, among other things: (1) outlines a

detailed discovery plan as described in Fed. R. Civ. P. 26(f)(3); (2) addresses all topics listed in Local Civil Rule 16.3(c), **EXCEPT** for the pretrial conference date (LCvR 16.3(c)(12)) and the issue of when the Court should set a firm trial date (LCvR 16.3(c)(13)); and (3) sets forth a proposed scheduling order.  *See* LCvR 16.3(d). Counsel are also directed to include in their Report a brief statement of the case and the statutory basis for all causes of action and defenses.

This Court generally will not permit the parties to waive Rule 26(a)(1) initial disclosures.  Any party who objects to exchanging initial disclosures on the grounds that "initial disclosures are not appropriate in this action," *see* Fed. R. Civ. P. 26(a)(1)(C), shall state with specificity the grounds for its objection in the Report.

In considering a discovery schedule under Local Civil Rule 16.3(c)(8), counsel should be guided by the schedules contained in the Appendix to this Order.  Counsel are also reminded that Federal Rule of Civil Procedure 26(f) requires discussion of issues related to the discovery of electronically stored information, preservation of discoverable information, and assertions of privilege or of protection of trial-preparation materials, including consideration of whether to seek an order reflecting an agreement of the parties regarding the procedure for asserting such claims after production.  *See* Fed. R. Civ. P. 26(f)(3).

In considering what form of alternative dispute resolution may be most suitable as required by Local Civil Rule 16.3(5), counsel are encourage to consider mediation,

arbitration, early neutral evaluation, and any other form of alternative dispute resolution that can be tailored to the needs of their case.

Date:  August 22, 2016
                             *Ketanji Brown Jackson*
                             KETANJI BROWN JACKSON
                             United States District Judge

**APPENDIX**

<u>Discovery Schedules</u>

The following schedules are guidelines that are usually followed by the Court. Variations may be appropriate in light of individual case differences.  All time-frames are calculated from the date of the initial scheduling conference.

|  | Expedited Cases | Standard Cases | Complex Cases |
|---|---|---|---|
| Initial Disclosures | 14 days | 30 days | 60 days |
| Deadline for Post-R. 26(a) Discovery Requests | 30 days | 45 days | 90 days |
| Proponent's R. 26(a)(2) Statements | N/A | 60 days | 120 days |
| Opponent's R. 26(a)(2) Statements | N/A | 90 days | 150 days |
| All discovery closed | 60 days | 120 days | 180 days |
| Limits on number of interrogatories per party | 12 | 25 | 25 |
| Limits on number of depositions per side | 3 | 5 | 10 |