UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ALLIANCE OF ARTISTS AND RECORDING COMPANIES, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 14-cv-1271 (KBJ) |
| GENERAL MOTORS COMPANY, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**REVISED SCHEDULING ORDER**

The parties appeared before the Court on October 13, 2016, for an initial scheduling conference. Upon consideration of the representations that the parties made during the conference, and also in their joint report submitted pursuant to LCvR 16.3(d), it is hereby

**ORDERED** that discovery in this matter shall be bifurcated, and that the parties shall proceed forthwith to engage in a limited period of discovery (herein referred to as "Phase 1 Discovery") in accordance with the following parameters.

1. Scope of Phase 1 Discovery. Phase 1 Discovery shall consist solely of an exchange of discovery materials that is aimed at: (1) identifying the Devices (defined below), and (2) establishing whether any Device is "capable of . . . making a digital audio copied recording for private use," as that phrase is used in 17 U.S.C. § 1001(3).

2.  "Device" Definition. "Device" shall mean any device or system that (a) is intended for use in a motor vehicle, (b) is capable of storing music from audio compact discs or other removable physical media to one or more hard disk drives, and (c) was manufactured in, imported into or distributed in the United States by a Defendant (including, without limitation, by selling to a dealer or similar distributor) at any point on or after (i) November 14, 2011, with respect to Defendants FCA US LLC and Mitsubishi Electric Automotive America, Inc., or (ii) July 25, 2011, for all other Defendants. "Device" does not include a device or system that is capable of storing music from audio compact discs or other removable physical media to one or more solid-state/flash drives or other non-volatile flash storage contained within or attached to such devices or systems (herein referred to as a "Flash Drive Device").

3.  Phase 1 Discovery Deadlines. Phase 1 Discovery with respect to the Devices at issue in this case shall proceed with the following deadlines:

| | |
|---|---|
| Initial disclosures pursuant to FRCP 26(a)(1) | **October 20, 2016** |
| Fact discovery requests served | **December 6, 2016** |
| Fact discovery complete | **January 31, 2017** |
| Simultaneous expert disclosures under FRCP 26(a)(2)(B) | **February 13, 2017** |
| Simultaneous rebuttal expert disclosures under FRCP 26(a)(2)(B) | **March 13, 2017** |
| All discovery complete | **March 28, 2017** |

4. <u>Phase 1 Discovery Limits, Responses, and Objections</u>.

   a. Each side is limited to a maximum of **six (6)** fact depositions, in addition to depositions of any expert disclosed pursuant to Rule 26(a)(2), or whose expert testimony is otherwise proffered as to Phase 1 issues.

   b. Each party may serve no more than **twenty-five (25)** interrogatories, including discrete subparts, on each opposing party.

   c. Each party may serve no more than **twenty-five (25)** requests for admissions, including discrete subparts, on each opposing party.

   d. Objections and responses to all interrogatories, requests for production, and requests for admission shall be made no more than thirty days after service. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3).

   e. Objections to interrogatories and requests for production must be stated with specificity. Fed. R. Civ. P. 33(b)(4), 34(b)(2)(B).

   f. An objection to a request for production "must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

   g. "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).

      h.      Discovery material shall not be filed with the Court unless so ordered.  *See* LCvR 5.2(a).

    5.      <u>Conduct Of The Parties During Phase I Discovery</u>. Counsel shall refer to LCvR 26.2 and are expected to conform fully with its directives. Moreover, under LCvR 7(m), counsel must confer in good faith if discovery disputes arise and are hereby ordered to attempt to resolve any discovery dispute before bringing it to the Court's attention.  In the event that counsel are not able to resolve a discovery dispute, counsel shall jointly call chambers (202-354-3350) to arrange for a telephone conference with the Court.  **Counsel shall not file any discovery-related motion without a prior telephone conference with the Court and opposing counsel**.

Given the representations and agreements of the parties in their Joint Rule 16.3 report and at the initial scheduling conference, it is

**FURTHER ORDERED** that dispositive motions regarding the capability of the Devices shall be filed on or before **April 11, 2017**; oppositions on or before **May 22, 2017**; and replies, if any, on or before **June 21, 2017**.  When preparing dispositive motions, oppositions, and reply briefs, **counsel are expected to comply fully with the directives in this Court's General Order and Guidelines for Civil Cases and the Appendix thereto (ECF No. 4, filed July 28, 2014)**, and should take particular note of the Court's requirements for motions for summary judgment (Appendix ¶ 5(d)); courtesy copies (Appendix ¶ 3(d)); Tables of Contents, Tables of Authority, and indices of exhibits (Appendix ¶ 5(a)); and motions for extensions of time (Appendix ¶ 5(b)).

Any submissions that do not conform with the Court's General Order and Guidelines for Civil Cases will not be accepted.

* * *

The instant schedule shall not be modified, even where all parties consent, except upon a showing of good cause and by leave of the Court.  *See* FRCP 16(b); LCvR 16.4.  The parties' communication with the Court should be in writing and only by written motion, opposition, and reply, not by letter.  Oral inquiries concerning the status or scheduling of any pending matter are disfavored.  If a party nevertheless needs to make such an oral inquiry, such questions should be directed to the Courtroom Deputy Clerk, Ms. Gwen Franklin (202-354-3145) rather than to chambers.  If Ms. Franklin is unavailable, such inquiries should be directed to the staff person in the clerk's office who has been designated as her substitute.  In an emergency, however, chambers can be reached at 202-354-3350.


Date:  November 18, 2016               *Ketanji Brown Jackson*
                                       KETANJI BROWN JACKSON
                                       United States District Judge